# Beal v. McKee.

## Detinue.

(Decided March 2, 1907.   43 So. Rep. 235.)

1. *Detinue; Prima Facie Case.*—Plaintiff claimed title to the mule under a mortgage executed to him by R. at a time when R. was in possession of the mule claiming it as his own; the consideration of the mortgage is shown and the evidence tended to show that the defendant was in possession of the property at the time suit was brought. Held, to make out a prima facie case so as to deny the defendant the affirmative charge.

2. *Same; Ascertaining Amount Due on Mortgage; Who Entitled.*— The defendant not pretending to derive title to the property through the mortgagor and not undertaking to show any title himself or right of possession could not demand or require that the jury ascertained the amount of the mortgage debt as provided by section 1477, Code 1896.

[Beal v. McKee.]

3. *Same; Evidence.*—The plaintiff claiming no title under the mort-
gagor, evidence as to what was advanced on the mortgage and
as to how much had been paid was irrelevant and inadmissi-
ble.

4. *Evidence; Hearsay.*—The conversation between the sheriff and
witness at the time the sheriff went to execute the writ of det-
inue was not competent and properly excluded.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Detinue to recover a gray mule by G. H. McKee
against John Beal. From a judgment for plaintiff, de-
fendant appeals. Affirmed.

See 39 South. 664.

The plaintiff derived title through a mortgage, which
is set out in the record, and it was shown that at the
time the suit was brought, the defendant was in the pos-
session of a mule. In his own behalf, the defendant tes-
tified that the year the suit was brought he worked on
shares for a part of the crop on the Oak Grove place,
belonging to one Lewis, "who furnished me the team to
work with, and this mule was the one furnished me. The
mule was kept in the stable of Mr. Caddell, agent on the
Oak Grove place. Said mule was worked only by his
orders and directions. My son, who did the plowing for
me, would go to the stable for the mule in the morning,
plow it until dinner, return it to the stable to be fed,
take it out after dinner, and plow it until night, and re-
turn it to the stable, where it remained during the
night." Mr. Caddell was introduced as a witness for de-
fendant, and, after testifying practically to the same
state of facts as those testified to by defendant, was
asked by defendant's attorney, "What did the sheriff
say to you when he came after the mule to seize it?" The
court sustained an objection to this question. The wit-
ness McKee, was asked by the defendant on cross-exam-
ination, "How much money did you advance on this
mortgage to Isham Rhodes?" and "How much money
has been paid on the mortgage?" Objections were sus-
tained to both of these questions. What is said as to the
pleading is sufficiently clear in the opinion, without
setting them out here.

[Beal v. McKee.]

IVEY S. LEWIS, for appellant.—The general charge for defendant should have been given.. It is not shown that at the time demand was made or at the time the suit was brought that defendant was in possession of the property. This is indispensable.—*Walker v. Fenner,* 20 Ala. 192; *Graham v. Meyers,* 74 Ala. 434; *Gilbreath v. Jones,* 66 Ala. 129; *Behr v. Gerson,* 95 Ala. 438; *Burlington Machine Works v. Alabama City Furn. Co.,* 112 Ala. 480; *Downs v. Bailey,* 135 Ala. 329. No proper demand was made.—9 A. & E. Ency. of Law, p. 211; 5 Ib. 528; 3 Ib. 752; *Butler v. Jones,* 80 Ala. 436. The burden is upon the plaintiff to show defendant's possession at the time of the action or to show that having had possession he had lost it through his own fault or wrong.— 14 Cyc. pp. 261-2, note 90. The defendant did not have such possession as to render him liable in detinue.— *Behr v. Gerson, supra; Kyle v. Swen,* 99 Ala. 573. The court erred in striking defendant's suggestion that plaintiff claim the mule under a mortgage with the request to ascertain the amount due.—*Hooper v. Birchfield,* 115 Ala. 226. A new trial should have been granted.—*Cobb v. Malone,* 92·Ala. 630.

DEGRAFFENRIED & EVINS, and GEORGE PEGRAM, for appellee.—The suggestion that the plaintiff's title was through a mortgage with a request that the mortgage indebtedness be ascertained failing to show that defendant was the mortgagor or held under him, was properly stricken.—Section 1477, Code 1896. The court did not err in the admission and rejection of testimony.—*Ross v. The State,* 36 South. 718. The other questions raised are decided adversely to appellant on the former appeal in this case.—*Beall v. McKee,* 39 South. 664.

DOWDELL, J.—According to the recital in the judgment entry, the case was tried alone on the plea of the general issue. The plaintiff's title was based on a mortgage executed to plaintiff by one Isham Rhodes. The evidence was without conflict that Rhodes was in possession of the property sued for, claiming it as his own, at the date of the execution of the mortgage. The con-

sideration of the mortgage was shown. There was evidence sufficient from which the jury were authorized to infer that the defendant was in possession of the property at the time suit was commenced. The trial court, therefore, committed no error in refusing to give the general affirmative charge requested by the defendant.

There was no pretense by the defendant of title derived through the mortgagor. Indeed, the defendant did not undertake to show any title in himself, or right of possession. He was not, therefore, in a position to claim any benefit under the statute (section 1477 of the Code of 1896), which provides that in actions of detinue by the mortgagee, or his assignee, against the mortgagor or one holding under him, the defendant may, upon suggestion, require the jury to ascertain the amount of the mortgage debt. The ruling of the court in striking out on plaintiff's motion the defendant's suggestion, as shown by the record, constituted no error of which the defendant can complain.

Under the issues on which the case was tried, the court properly sustained plaintiff's objections to the questions asked the witness McKee by the defendant. The ascertainment of the amount due on the mortgage was not pertinent to the issue. What the sheriff said to the witness Caddell, when he (the sheriff) went to execute the writ, was not competent evidence, and the action of the court in sustaining plaintiff's objection to this evidence was free from error.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN. JJ., concur.