PENSACOLA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error,* v. JOHN H. ALEXANDER AND INGEBORG L. ALEXANDER, *Defendants in Error.*

1. Evidence that a passenger was injured by the sudden starting of an electric car, while alighting with others who were frightened by flashes of electricity, and that such flashes were caused by the carelessness or inexperience of the motorman, makes a question for the jury.

2. When it is in evidence that the motorman was new at the business and may have used the brake improperly, whereby the injury was caused, the railway company has not made it appear that it used even ordinary care and caution.

3. An instruction that "the burden of proof is upon the plaintiff to show that the cause of the accident was due to the negligence of defendant, and if you are not satisfied by a preponderance of evidence that the plaintiff's injury was the result of negligence of the defendant or its employees, you will find for the defendant," is properly refused when the plaintiff was injured by the operation of an electric car.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter,* for Plaintiff in Error;

*Jones & Pasco,* for Defendants in Error.

Cockrell, J.—This is an action for personal injuries, occasioned by the alleged negligence of the Pensacola Electric Company in the operation of its street car.

There was evidence from which the jury could find that Mrs. Alexander, a passenger, was injured by the negligence of the employees of the company, in starting suddenly the car while many passengers were in the act of alighting therefrom being frightened by flashes of electricity, and further that these flashes were unnecessarily caused by the carelessness or inexperience of the motorman. These acts were sufficient to make a case for the jury on the question of negligence, and therefore the affirmative instruction to find the defendant not guilty was properly refused.

It is argued that no negligence was shown in that the present knowledge of electricity cannot prevent absolutely these flashes and burning of fuses, even when the greatest care is used. We need not now dwell on the availability of this defense, as it does not appear here that even ordinary care and caution was used. The chief eye witness for the defense, the conductor on the car, testified the motorman was a new man and may have caused the trouble by improper use of the brake. The motorman

was not a witness and no proof was offered as to his skill, habits or experience.

The court refused to instruct the jury, as requested by the defendant, as follows: "The burden of proof is upon plaintiff to show that the cause of the accident was due to the negligence of defendant, and if you are not satisfied by a preponderance of evidence that the plaintiff's injury was the result of negligence of the defendant, or its employees, you will find for the defendant." The Statute makes the fact of injury by the running of the car prima facie evidence of negligence in its operation, thus shifting the former burden of proof and casting it upon the party most likely to possess the knowledge of the real cause of the injury. It is not founded wholly, if at all, as argued by the plaintiff in error, upon the idea of *"res ipsa loquitur,"* upon which the cases cited are based, and to have given the charge would have been to ignore the statute and numerous decisions of this court construing it. See Seaboard Air Line Ry. Co. v. Smith, 53 Fla. 375, text 388, 43 South. Rep. 235, and cases there cited.

The various counts in the declaration sufficiently apprised the defendant of the manner of the accident, to prevent a charge of variance between allegation and proof.

The judgment is affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.