(75 South. 334).

DOTHAN GROCERY CO. v. AMERICAN AGRICULTURAL CHEMICAL CO.

(4 Div. 688.)

(Supreme Court of Alabama. April 17, 1917.)

1. CHATTEL MORTGAGES ⬅229(1)—RECOVERY OF PROPERTY — RIGHT TO AFFIRMATIVE CHARGE.

In a mortgagee's suit in detinue against a third person for the recovery of a horse and mules, where there was evidence on plaintiff's part tending to show that the mortgagor was in possession of the property, claiming it, at the time of the execution of the mortgage, and defendant offered proof tending to show that such was not the case, defendant was not entitled to the affirmative charge requested.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 479, 480, 482, 483.]

2. CHATTEL MORTGAGES ⬅229(3)—RECOVERY OF PROPERTY—EVIDENCE.

In such suit, where plaintiff relied for recovery upon its mortgage, neither the execution of which nor that its consideration was past due and unpaid was controverted, the court properly excluded evidence offered by defendant as to the conversation between the mortgagor's wife and plaintiff's agent when the horse and mules were carried to defendant.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 481, 483.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Suit by the American Agricultural Chemical Company against the Dothan Grocery Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Lee & Tompkins, of Dothan, for appellant. B. F. Reid, of Dothan, for appellee.

GARDNER, J. Suit in detinue, brought by the appellee against the appellant for the recovery of one horse and eight mules. Plaintiff (appellee) relied upon a mortgage executed by one T. J. Bond and wife to it, which conveyed certain real estate, together with certain live stock, particularly described therein, and also "all other live stock and personal property" owned by the mortgagor, Bond, at the time of the execution of the mortgage. There was evidence on the

part of the plaintiff tending to show that said Bond was in possession of the property sued for, claiming it as his own, at the time of the execution of the mortgage, and that said mortgage was past due and a large amount thereon remained unpaid. There was, however, no dispute that the defendant was in possession of the property at the time of the commencement of the suit.

[1] The defendant offered proof tending to show that, at the time of the execution of said mortgage, the mortgagor did not own and was not in possession of the property sued for. This seems to have been the controverted question of importance on the trial of the cause, and we think it clearly appears that the defendant was not entitled to the affirmative charge requested. Beal v. McKee, 150 Ala. 478, 43 South. 235.

[2] As before stated, the plaintiff relied for recovery upon the said mortgage, neither the execution of which, nor that its consideration was past due and unpaid, was controverted. There was no error, therefore, in the ruling of the court sustaining the objection to that portion of the evidence, offered by the defendant, as to the conversation between the mortgagor's wife and the agent of the plaintiff at the time the stock was carried to Dothan.

We find nothing in the record calling for a more detailed discussion, and, as no reversible error appears, the judgment of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.