(75 South. 899)

DOTHAN GROCERY CO. v. PILCHER et al.
### (4 Div. 711.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

1. PRINCIPAL AND AGENT ⬅119(1) — PRESUMPTION OF AGENT'S AUTHORITY.

An agent with power to conduct a particular line of business is presumed to have authority to do whatever is necessary, proper, or usual in the ordinary course of such business.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391, 393, 398, 399, 401.]

2. PRINCIPAL AND AGENT ☞120(5)—AGENT'S AUTHORITY—ADMISSION OF EVIDENCE.

There being evidence tending to prove agency in the purchase of cotton of plaintiff for defendant, it was competent to prove all of the alleged principal's, acts and declarations in and about the business.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 407.]

3. PRINCIPAL AND AGENT ☞124(1)—AGENT'S AUTHORITY—QUESTION FOR JURY.

There being evidence tending to prove agency, it was proper to submit all evidence of the alleged principal's acts and declarations to the jury, and there was no error in refusing a general affirmative charge.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by the Dothan Grocery Company against Louie Pilcher and others. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Farmer & Farmer, of Dothan, for appellant. Hill & Thigpen, of Dothan, for appellees.

SAYRE, J. [1-3] Appellant, plaintiff in the court below, complains that appellees were allowed the benefit of a set-off which had no support in the evidence. The issue was whether one McKinney had authority to buy a carload of cotton seed from appellees for the account of appellant; appellees insisting that he had such authority, appellant insisting that he had not. McKinney was a traveling salesman for appellant, and his ordinary business and authority was to sell groceries and collect the price of the same in money or checks. Whatever authority he had in the matter of buying cotton seed for appellant he got from Jackson, appellant's president and general manager. Both Jackson and McKinney testified at the trial that the latter had no authority to buy cotton seed for appellant, and the latter, with whom alone appellees claimed to have made the contract, testified that he had never bought, nor agreed to buy, any seed from appellees for appellant. However, these two witnesses agreed, in effect, that Jackson had instructed McKinney to look out for any cotton seed that might be had at a bargain in his territory, and to report the same to Jackson, who would then consider and determine whether to buy, and McKinney agreed that he had talked with appellees about the purchase of cotton seed, but denied that he had either proposed or accepted any contract for the purchase of appellees' cotton seed. One of the appellees, on the other hand, testified that, in a conversation between himself and Jackson, in which, after the transaction in dispute, he had urged appellees' claim on account of the seed, Jackson had not denied that McKinney had appellant's authority to purchase seed for it, but had denied that he had authority

to purchase at the price at which appellees claimed to have sold the seed. And then appellees offered in evidence a letter written to them by McKinney pending and concerning the dispute about appellees' claim, and there was evidence tending to show that this letter had been written by direction of Jackson. But the letter has been omitted from the bill of exceptions, the recital of the bill that it contains all the evidence to the contrary notwithstanding, and we know not what admissions, or other matters harmful to appellant's contention, it may have contained. An agent with power to conduct a particular line of business has authority, presumptively, to do whatever is necessary or proper and usual in the ordinary course of such business. Dadeville Union Warehouse Co. v. 'Jefferson Fertilizer Co., 194 Ala. 683, 69 South. 918; Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. '808, note. And, there being evidence before the jury tending to prove McKinney's agency for appellant, it was competent to prove all his acts and declarations in and about the business, and to submit it all to the jury. Gibson v. Snow Hardware Co., 94 Ala. 346, 10 South. 304. In this state of the law, the evidence and the record, the court here cannot say that there was a total absence of evidence from which the jury might have inferred that McKinney had authority to enter upon the contract of purchase for account of appellant as appellees contended, and hence cannot say there was error in refusing the general affirmative charge requested by appellant. This virtually disposes of the assignments of error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.