(104 So. 509)

## ALABAMA MACHINERY & SUPPLY CO. v. CAFFEY. (3 Div. 705.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

1. **Principal and agent** ⟨key⟩115(2)—**Sales agent is acting within scope of his employment in representing quality of article that he is selling.**

A sales agent, engaged in negotiating a sale, is acting within scope of his employment in making representations of fact touching quality of article he is selling, and, in sales of machinery located at a distance, rule covers representations that machinery is in good running order.

2. **Principal and agent** ⟨key⟩115(2)—**Representations of sales agent as to horse power of machinery sold for power production are within his implied authority.**

Where machinery is made and sold for power production, representations as to rated and actual horse power which it will develop are within implied authority of sales agent, and principal is bound thereby; purchaser having no notice of limitations of agent's authority in that regard.

3. **Evidence** ⟨key⟩434(8)—**Stipulation in written contract against verbal understandings does not estop party to set up fraud.**

A stipulation in written contract that there are no verbal understandings not incorporated therein does not estop party to set up fraud in verbal misrepresentations inducing contract, since fraud vitiates contract as a whole.

4. **Fraud** ⟨key⟩39—**Buyer held proper party to sue for fraud in sale of tractor, purchased for use in carrying out joint adventure.**

Where contract for sale of tractor was made wholly with plaintiff in carrying out his part of joint adventure, by which he and his father were to share in net proceeds of crop, plaintiff *held* proper party to sue for damages arising from fraud in transaction, and father not a necessary party.

5. **Fraud** ⟨key⟩59(1)—**Recovery for fraud in sale of tractor not limited to loss of share in crop.**

In suit for fraud in sale of a tractor for use in manufacture of syrup from sorghum cane, plaintiff's recovery *held* not limited to loss of his share in the crop, where he and his father were to share in net proceeds of the crop, and father looked to him for any losses

---

resulting from failure to furnish proper machinery.

**6. Fraud ⊚⇒57—Evidence held admissible to show occasion for purchase of tractor.**

In suit for fraud in sale of tractor for use in manufacture of syrup from sorghum cane, terms of contract for growing and gathering crop and manufacturing and marketing syrup having been set out in complaint as showing occasion for purchase of tractor, evidence in support of such averments was admissible.

**7. Fraud ⊚⇒57—Evidence of expense in constructing vats for manufacture of syrup, in purchaser's action for fraud in sale of tractor, held admissible.**

In suit for fraud in sale of tractor for known purpose of operating cane mill and steam cooking vats in manufacture of syrup from sorghum cane, evidence of item of expense in constructing vats held admissible, where they were constructed as part of contemplated equipment and were worthless when tractor failed to meet representations.

**8. Fraud ⊚⇒57—Evidence of reasonable cost of making syrup held admissible to determine loss from failure of tractor to furnish power.**

In suit for fraud in sale of tractor for use in manufacture of syrup from sorghum cane, on evidence that syrup had been sold in advance at a fixed price, and that crop had been grown ready for manufacture into syrup, evidence of reasonable cost of making and marketing syrup was admissible to determine loss per gallon on that portion of crop lost to plaintiff for failure of tractor to furnish power.

**9. Appeal and error ⊚⇒1050(1)—Admission of evidence showing purchaser's damages in suit for fraud in sale of tractor held harmless.**

In suit for fraud in sale of tractor for use in manufacture of syrup from sorghum cane, admission of evidence that actual cost to plaintiff of making syrup was 15 cents per gallon *held* harmless, where same figure was given by other witnesses as reasonable cost thereof.

**10. Evidence ⊚⇒533—Farmer properly qualified to give his judgment as to probable yield of sorghum cane per acre.**

Farmer having experience in growing sorghum cane of same variety, in same neighborhood and on similar soil, and shown to have known plaintiff's crop, might give his judgment as to probable yield, and, in aid of his opinion and as evidence of probable yield, might give yield of his own crop with evidence that it was same variety, grown on like soil, in same community, same season, and that plaintiff's cane was as good as his.

**11. Evidence ⊚⇒533—Properly qualified persons might give opinion as to deterioration and loss of syrup produced from cane by delay in working it up.**

Persons shown to have experience from which a fair judgment might be formed could give an opinion as to extent of deterioration and loss in quantity and quality of syrup produced from a given variety of cane by reason of delay in working it up.

**12. Evidence ⊚⇒519—Witness' opinion as to age of tractor sold plaintiff held admissible.**

In suit for fraud in sale of a tractor, witness shown to have knowledge of machinery of like kind could give his opinion as to how old tractor appeared to be.

**13. Appeal and error ⊚⇒1051(2)—Any error in admission of witness' opinion as to age of tractor held harmless.**

In suit for fraud in sale of tractor, any error in admission of witness' opinion as to age thereof *held* harmless, where it was merely cumulative of other uncontradicted evidence of that fact.

**14. Witnesses ⊚⇒379(2)—Question whether witness had made declarations at variance with his testimony on the stand held proper.**

In suit for fraud in sale of a tractor, where witness who was not a party to suit testified as to its condition when delivered at station and its injury thereafter, question on cross-examination whether he had not stated that it was "the damnedest outfit" he ever saw was proper to lay predicate for impeachment.

**15. Trial ⊚⇒255(4)—Instruction should be asked where declarations are solely to impeach witness.**

Where declarations are not original evidence of facts declared, but solely to impeach witness, if deemed necessary, party should ask an instruction so limiting testimony.

**16. Trial ⊚⇒251(2)—Instructions relating to breach of warranty held properly refused, where counts on warranty not before jury.**

In suit for fraud in sale of tractor, instructions relating to breach of warranty or merger of misrepresentations therein, *held* properly refused, where counts on warranty were not before jury.

**17. Trial ⊚⇒253(8)—Instructions limiting recovery for fraud in sale of tractor held properly refused as ignoring evidence.**

Instructions, limiting purchaser's right of recovery for fraud in sale of tractor to condition when it was delivered at station as compared to that at his plantation, *held* properly refused as ignoring evidence as to failure to develop horse power represented.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by William G. Caffey against the Alabama Machinery & Supply Company for fraud and deceit. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 19 Ala. App. 189, 96 So. 454.

Ball & Beckwith, of Montgomery, for appellant.

A rescission of a sale on one ground is a waiver of all other grounds of rescission. 2 Williston on Sales (2d Ed.) § 494b, Williston on Contr. § 1819; Tuggle v. Green, 150 Ga. 361, 104 S. E. 85; United Fruit Co. v. Bisese, 25 Pa. Super. Ct. 170; Linger v. Wilson, 73 W. Va. 669, 80 S. E. 1108; Littlejohn v.

Shaw, 159 N. Y. 188, 53 N. E. 810; Ginn v. Clark Coal Co., 143 Mich. 84, 106 N. W. 869, 107 N. W. 904; Sutton v. Risser, 104 Iowa, 631, 74 N. W. 23; Gilbert v. Mosier, 11 Iowa, 498; Richardson v. Jackson, 8 M. & W. 298; Moynahan v. Moore, 9 Mich. 9, 77 Am. Dec. 468. Where a buyer elects to rescind, he cannot sue for damages. 2 Williston, Sales, § 612; Abraham v. Browder, 114 Ala. 287, 21 So. 818. Eason Drug Co. v. Montgomery Showcase Co., 186 Ala. 454, 65 So. 345; Taylor v. P. B. Yates Co., 208 Ala. 528, 94 So. 588. The measure of damages for deceit inducing a contract of sale is the same as for a breach of warranty. May v. Dyer, 57 Ark. 441, 21 S. W. 1064; Boddy v. Henry, 113 Iowa, 462, 85 N. W. 771, 53 L. R. A. 769; Williston on Sales, 1538. Profits claimed as damages must be established by clear and definite proof, and must not be speculative or conjectural. Bell v. Reynolds, 78 Ala. 511, 56 Am. Rep. 52; Id., 84 Ala. 496, 4 So. 703; Sunny South Gr. Co. v. Webb (Ala. App.) 101 So. 803;[1] Moulthrop v. Hyatt, 105 Ala. 493, 17 So. 32, 53 Am. St. Rep. 139. Parol warranty is not admissible where the contract is in writing. 35 Cyc. 379; Whitehead v. Lané, 72 Ala. 39.

Steiner, Crum & Weil, of Montgomery, for appellee.

The questions raised on this appeal were decided on the former appeal. Caffey v. Ala. Mach. & Supp. Co., 19 Ala. App. 189, 96 So. 454. Plaintiff was the owner of the legal title, and had the right to recover full damages without joining his coadventurer. 19 Ala. App. 189, 96 So. 454; Rice v. Rice, 106 Ala. 636, 17 So. 628; Sudduth v. Holloway, 212 Ala. 24, 101 So. 733; Sou. Ry. v. Stonewall Ins. Co., 177 Ala. 327, 58 So. 313, Ann. Cas. 1915A, 987; Kreisle v. Wilson (Tex. Civ. App.) 148 S. W. 1132; 33 C. J. 874. Defendant could not accept the benefits of the contract, and at the same time repudiate responsibility for misrepresentation inducing it. Mid-Cont. Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373. It is bound by the apparent authority of its agent. St. L. & S. F. v. Hall, 186 Ala. 353, 65 So. 33; Garnett v. Perry & Co., 185 Ala. 326, 64 So. 559. Evidence of loss of profits was sufficient to go to the jury. 19 Ala. App. 184, 95 So. 909; Int. Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415; Farrow Mer. Co. v. Riggins, 14 Ala. App. 52, 71 So. 963.

BOULDIN, J. The action is for damages growing out of the sale of a steam tractor to be used by the purchaser in the manufacture of a crop of cane or sorghum millet into syrup.

The case was before the Court of Appeals on former appeal. Caffey v. Alabama Machinery & Supply Co., 19 Ala. App. 189, 96 So. 454. The decision of the Court of Appeals was sustained on certiorari to this

[1] 20 Ala. App. 311.

court. Ex parte Alabama Machinery & Supply Co., 209 Ala. 466, 96 So. 459.

Upon the trial now under review, the plaintiff struck out all counts of the complaint based upon breach of warranty, and retained the counts for fraud and deceit. Some of these counts rely upon fraudulent misrepresentations of the seller. Code 1923, § 8049 (4298). Others are for deceit. Code 1923, § 5677 (2469). We note that fraudulent deceit is further defined by new sections 7353-4, Code of 1923. The present case does not call for a consideration of these new provisions.

The consequential damages recoverable under these counts were fully considered on the former appeal. We adhere to the views there expressed, and need not here repeat them. We deal with specific questions now raised, some of which were impliedly decided on the former hearing.

[1, 2] A sales agent engaged in negotiating a sale is acting within the line and scope of his employment in making representations of fact touching the condition or quality of the article he is selling. In sales of machinery located at a distance, this rule covers representations that the machinery is in good running order. Where the machine is made and sold for power production, representations as to the rated and actual horse power the machine will develop are within the implied authority of the sales agent, and the principal is bound thereby; the purchaser having no notice of limitations of the agent's authority in that regard. Dothan Grocery Co. v. Pilcher, 200 Ala. 151, 75 So. 334; Ray v. Fidelity-Phœnix Fire Ins. Co., 187 Ala. 91, 65 So. 536; King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Id., 192 Ala. 269, 68 So. 897; Mid-Continental Life Ins. Co. v. Beasley, 202 Ala. 35, 79 So. 373; Tennessee River Transportation Co. v. Kavanaugh Bros., 101 Ala. 1, 13 So. 283; Robinson v. Ætna Ins. Co., 128 Ala. 477, 30 So. 665; Williamson v. Tyson, 105 Ala. 644, 17 So. 336; 2 C. J. p. 855, § 541, and notes.

[3] A stipulation in the written contract that there are no verbal understandings not incorporated therein does not estop the party to set up fraud in verbal misrepresentations inducing the contract. Fraud vitiates the contract as a whole. The law does not countenance a contract against the consequences of fraud. Burroughs v. Pacific Guano Co., 81 Ala. 255, 1 So. 212; Fay & Egan Co. v. Independent Lbr. Co., 178 Ala. 166, 59 So. 470; Brenard Mfg. Co. v. Jacobs & Padgett, 202 Ala. 7, 79 So. 305.

[4] The contract for the sale of the tractor having been made wholly with plaintiff in carrying out his part of the joint adventure by which he and his father were to share in the net proceeds of the crop, plaintiff was the proper party to sue for all recoverable damages arising from fraud in the transaction. The father, not being a party to the

contract, but looking to the son, if any one, for any losses resulting from failure to furnish proper machinery to work up the crop, was not a necessary party to the suit.

[5] There was no error in refusal of instructions limiting plaintiff's recovery to the loss of his share in the crop in consequence of the fraud of defendant.

[6] The terms of the contract for growing and gathering the crop, manufacturing and marketing the syrup having been set out in the complaint as showing the occasion for the purchase of the tractor, there was no error in admitting evidence in support of these averments.

[7] It appearing in evidence that the tractor was sold for the known purpose of operating the cane mill and steam cooking vats, that the vats were constructed as part of the contemplated equipment, that they operated successfully when steam was available, and that they were worthless when the tractor failed wholly to meet the representations made for purposes of a sale, evidence of the item of $25 expense in constructing the vats was properly admitted as part of the consequential damages recoverable in the case.

[8, 9] Upon evidence that the syrup had been sold in advance at a fixed price, and that the crop had been grown ready for manufacture into syrup, the reasonable cost of making and marketing the syrup furnished proper data to determine the loss per gallon upon that portion of the crop lost to plaintiff for want of power. If plaintiff could not manufacture properly at reasonable cost, this was defensive. Moreover, the answer of the witness fixed the actual cost to plaintiff at 15 cents per gallon, the same as stated by other witnesses to be the reasonable cost thereof.

[10, 11] A farmer having experience in growing cane of the same variety in the same neighborhood and on similar soils, and shown to have known plaintiff's crop, may give his judgment as to the probable yield per acre. In aid of his opinion, and as evidence of the probable yield of plaintiff's crop, he may give the yield of his own crop, with evidence that it was the same variety, grown on like soil, in the same community, the same season, and that plaintiff's cane was as good as that of the witness. So, also, persons shown to have experience from which a fair judgment may be formed may give an opinion as to the extent of deterioration and loss, both in quantity and quality, of syrup produced from a given variety of cane by reason of delay in working it up. International Agri. Corp. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415; Bell v. Reynolds & Lee, 78 Ala. 511, 56 Am. Rep. 52.

[12, 13] Where the witness was shown to have knowledge of machinery of like kind, there was no error in allowing the question: "How old did the tractor appear to be?" his opinion being merely cumulative of other un-contradicted evidence of the age of the tractor in fact, the allowance of the question, if improper, was harmless.

[14, 15] Defendant's witness Eiland, having testified to the condition of the tractor when delivered at Letohatchie, and numerous matters touching use of the tractor and alleged injury thereto after delivery, was asked on cross-examination: "When you were down in Hayneville, didn't you say to Mr. Caffey and to Mr. Watson or in their presence that you had fooled with lots of engines and boilers, but that this was the damnedest outfit you ever saw?" A like question was directed to another time and place. These questions were entirely proper by way of predicate to impeach the witness by showing declarations at variance with his testimony on the stand. Not being a party to the suit, a predicate laid by such question and witness' denial was necessary before offering evidence of other witnesses named to show such declarations. The declarations, when shown, were not original evidence of the facts declared, but solely to impeach the witness. If deemed necessary, the party should ask an instruction so limiting the testimony.

We have carefully considered the whole evidence. Without reviewing it in detail, it is enough to say it made a question for the jury on the several counts submitted to them, and, under the principles declared on former appeal, supported a recovery for freight bills paid by plaintiff, for expenses of removal from Letohatchie to plaintiff's plantation, for expenses in making a full test in operation, and for consequent loss of the crop resulting from unavoidable deterioration by reason of the failure of the tractor to generate power. Instructions designed to eliminate all or any of these elements of damage were properly refused.

[16] Instructions framed on the idea of a breach of warranty, or that the misrepresentations, if made, were merged in the warranty, were properly refused. The counts on a warranty were not before the jury. The counts for deceit and fraud rest upon their own averments as grounds of action, and not on the terms of the warranty incorporated therein.

[17] Thus, count 10 avers that the tractor was represented to develop 80 horse power. There was evidence that defendant was advised this quantum of power would be required. There is other evidence that the tractor at best would not develop more than 30 to 40 horse power. Hence charges limiting a right of recovery to the condition when delivered at Letohatchie, as compared with that at plaintiff's plantation, ignored this feature of the evidence, if not otherwise bad.

It may be further said that, if the tractor was so old, rusted, and weakened in parts that moving it over the roads by its own traction, as contemplated, and with due care,

would render it useless, the condition of the tractor could not be said to be as represented.

There was no error in overruling the motion for new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.