SPECTOR, Judge.
Appellant, defendant below, seeks reversal of a judgment for $39,600.00 entered against him pursuant to a jury verdict. The action arose from a collision between appellant’s car and a motorcycle driven by appellee’s husband which resulted in the latter’s death.
The accident occurred at night on a city street in Daytona Beach, Florida. Defendant was proceeding southward on a two-lane street and made a left turn into a side street. Plaintiff’s decedent was traveling northward on his motorcycle on the street from which defendant had turned. The collision occurred in the intersection as defendant was making his turn. By its verdict, the jury found fault to lie with the defendant.
The principal question raised by appellant and relied upon for reversal is whether the court erred in instructing the jury concerning the requirements of Section 317,852, Florida Statutes, F.S.A., relating to minimum standards for automobile headlights; and, secondly, whether the court erred in denying a mistrial when plaintiff’s attorney told the jury during closing argument that the case involved more than a private dispute between the parties and that the entire community is involved so that it becomes a social problem that requires everyone to pay welfare because of such accidents.
Appellant contends that it was error to instruct the jury as to the headlight requirements found in Section 317.852, Florida Statutes, F.S.A., inasmuch as the evidence fails to show that the accident giving rise to this action occurred on a state and county maintained highway. system or state maintained municipal connecting link highway. Section 317.041, Florida Statutes, F.S.A. Appellant’s contention is well taken. In Strayer v. Johnston, 155 Fla. 791, 21 So.2d 593 (1945), it was held that statutory provisions relating to regulation of traffic on highways are not applicable to traffic on municipal streets unless such streets are state maintained municipal connecting links. A like ruling was made by the court in Hobby v. Southern Bell Tel. & Tel. Co., 217 So.2d 123 (Fla.App.1969).
Appellee contends that while the instruction is the exact language from the statute, it was really a municipal ordinance which formed the basis of the instruction. However, appellee fails to point to the specific municipal ordinance forming such a basis. Moreover, the transcript of the proceedings reflects that defense counsel specifically objected to the subject instruction as identified by its statute number. Additionally, the record contains a citation served by plaintiff upon defendant stating that plaintiff intended to rely upon the requirements for headlights in Section *518 317.852, Florida Statutes, F.S.A., during the trial.
Appellant’s other point raised is that plaintiff’s reference to payment of welfare during closing argument constituted the making of improper and prejudicial remarks which denied appellant a fair and impartial trial. The plaintiff’s counsel’s initial digression from approved argument commenced when his argument stated: “This is a case that involves the community and social interests of the community.” At this point defense counsel objected and the court admonished counsel to confine himself to the evidence of the case. Right after that, the following occurred :
"Mr. Wagner: And, its a social problem. Its social because these children have to be fed and clothed and have a place to live and because the reasonable result of not having just the simple necessities, the right to attend proper schools and get a fair education that fathers can sometimes supply, but this then becomes a social problem because welfare becomes involved, because we have to pay this while — ”
Appellant’s contention that this argumentation amounted to an improper appeal to the jury’s self-interest is well taken. Counsel’s comment was obviously intended to inject into the juror’s minds that the plaintiff and her family would become public charges unless a verdict favorable to the plaintiff was returned. This approach to the jury has been condemned by our courts, and trial lawyers do their clients a great disservice by resort to such tactics. Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 So. 235 (1907); Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936). In Baggett, the court condemned testimony by the plaintiff that his farhily had no means of support other than his wages as being calculated to unduly arouse the sympathy of the jury in favor of the plaintiff to the detriment of defendant. It would seem no less improper, and probably more so, for words of like effect to be uttered by counsel before the jury. Such an argument would be no more proper than if defense counsel were to argue before the jury that the defendant should be spared the burden of personally compensating the plaintiff for his damages when it is well known that some welfare program or other can help furnish plaintiff with sustenance.
In support of the contention that the argumentation of plaintiff’s counsel is ground for reversal, appellant has called our attention to the annotation on the subject of appeal to a juror’s self-interest during argument appearing in 33 A.L.R.2d 442. We think the summary on the subject in the forepart of the annotation well states the generally controlling principle involved in such circumstances, viz:
“There seems to be no doubt that unprovoked argument of counsel directing the jurors’ attention to the fact that any judgment recovered in the action will or will not be paid from tax funds, suggesting that if the plaintiff is unsuccessful he will be destitute and a burden on the taxpayers, that the opposing party is taking undue advantage of the 'taxpayers, or that a recovery by the speaker’s client will benefit the taxpayers, constitutes an improper appeal to the self-interest of the jurors, which, if not effectively corrected at the trial, may be found to constitute prejudicial error requiring a reversal or new trial.”
The judgment appealed is reversed and the case is remanded for a new trial.
JOHNSON, C. J., and WIGGINTON, J., concur.