Gordon Crispell appeals from a summary judgment in favor of Sunbelt Chrysler Plymouth, Inc. ("Sunbelt"), on Crispell's fraud claims arising out of the purchase of a 1985 Chrysler Laser automobile.
Crispell went to Sunbelt, an automobile dealership, to inquire about purchasing a new car. He met Eric Shull, a salesman for Sunbelt, and test drove a Laser. Crispell told Shull that he wanted to make a deal that would allow him to trade in his 1984 Ford Tempo and purchase a Chrysler Laser for a monthly payment that would be the same as, or lower than, that which he was making on the Ford.
Crispell had been looking at a 1986 Laser. After a couple of days of negotiations, Shull told Crispell that Sunbelt was unable to sell him the 1986 Laser on his financing terms, but that Sunbelt had a 1985 Laser with 4,309 miles that had been used as a "demonstrator" that could probably be sold on his terms. After test driving it, and after further price negotiations, Crispell purchased the 1985 Laser on June 10, 1986.
Crispell later learned that the car had been wrecked and repaired while in demonstrator service.
Crispell filed suit against Sunbelt on September 2, 1987, alleging willful and reckless misrepresentation under Ala. Code *Page 940 
1975, §§ 6-5-101 and 6-5-103, and suppression of a material fact under § 6-5-102.
Sunbelt filed a motion for summary judgment pursuant to Rule 56, A.R.Civ.P., on June 2, 1988, contending that an acknowledgment of disclosure form and an appraisal and estimate of repair, combined with other clear and unambiguous sales instruments, all signed by Crispell, left no genuine issue of material fact, and that Sunbelt was entitled to a judgment as a matter of law. After a hearing, the trial court granted the motion and entered judgment in favor of Sunbelt.
We reverse.
In addition to a sales contract and a disclaimer of warranties, Crispell read and signed an acknowledgment of disclosure form entitled "ACKNOWLEDGEMENT OF DISCLOSURE BY DEALER OF DAMAGE TO MOTOR VEHICLE," which provided:
 "In connection with the purchase from Sunbelt Chrysler Plymouth 3016 Government Blvd (DEALER) of the motor vehicle described as follows: Year 1985 Make Chrysler Type Laser Serial No. 1C3BA54D1FG149800 Stock No. 149800 I, the undersigned, hereby acknowledge that Dealer has disclosed to me before I agreed to purchase said vehicle that it has been damaged as follows: See attached copy of Howard's Appraisal And Adjustment Service in the amount of $2891.03 [repair estimate].
 "I further acknowledge that said damage has been repaired to my satisfaction.
"Date: 6/10/86
"Gordon A. Crispell (Signature of Purchaser)
"Witnesses: Eric Shull"
Crispell also signed an "Appraisal and repair estimate" showing a list of the items of damage to the automobile in question.
Crispell contends that he was not told that the car had been wrecked until some 30 days after his purchase, when he brought the car in to Sunbelt for repairs that Sunbelt had agreed to make. Crispell testified that, upon this visit to Sunbelt, Shull requested that he sign the acknowledgement form and repair estimate, and that this was the first time he had been made aware of the damage and repair to the car. He testified that he signed the acknowledgement form, after reading and understanding it, because he was "in shock" over hearing for the first time that his automobile had been wrecked and repaired before he bought it. He further contends that the acknowledgement form was backdated to show June 10, 1986, instead of the date he actually signed it, some 30 days later.
Shull testified that he had informed Crispell of the damage and repair to the car during the negotiations, and that he had gone over the repair estimate and acknowledgement form before Crispell signed it. Further, Shull testified that the repair estimate and acknowledgement form were signed on June 10, 1986, with the rest of the documents, and that the contract was executed on that date.
Absent some evidence of fraud in procuring a party's signature on a contract or concealing its contents, a party cannot contradict the contract by a parol representation or agreement made at the time of execution or prior thereto.Colafrancesco v. Crown Pontiac-GMC, Inc., 485 So.2d 1131 (Ala. 1986). However, Crispell argues, based on his allegations that the acknowledgement form was backdated and signed after the execution of the sales contract, that the acknowledgement form does not constitute a prior or contemporaneous writing, but, rather, a subsequent agreement that is not governed by the parol evidence rule. Under Crispell's version of the facts, he was sold a demonstrator; was told that the car had been driven; but was not told it had been wrecked until some 30 days after he had bought it. Sunbelt's version of the facts differs. Its salesman says he told Crispell before the sale that the car had been wrecked. This calls for resolution by a jury.
The facts in a summary judgment case are to be construed most favorably to the non-moving party. If Crispell's testimony is believed, a jury could conclude that Sunbelt misrepresented a material fact. This prevents disposition by way of summary *Page 941 
judgment. To be entitled to summary judgment, the moving party must produce evidence establishing that there is no genuine issue as to any material fact, and that he or she is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.
Sunbelt has failed to meet this burden, in light of Crispell's testimony creating a genuine issue as to the date the acknowledgement form and repair estimate were signed. Therefore, a trial on that issue is warranted.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.