I must respectfully dissent from that portion of the opinion that affirms the summary judgment as to Callis's fraud claim. As the opinion notes, Callis claimed that she was fraudulently induced to sign the lease agreement. The opinion quotes language from the lease, language purporting to exclude all outside representations as inducements to entering the lease, as a basis for affirming the summary judgment on the fraud claim. This analysis is contrary to Alabama law on fraudulent inducement to enter a contract.
The evidence in this case indicates that Callis engaged in detailed negotiations with agents of Colonial with respect to the type of business she intended to operate and her requirement that similar sorts of "upscale" businesses be located nearby. Callis testified that she was assured that the businesses that would be located in the shopping center would be of the same "class" as her proposed business. Further, Callis stated that she was promised that no discount stores or houses would be located in the center. Callis's stated belief that discount houses would not be permitted in the shopping center was supported by the language in her lease, and she had no basis to believe that the leases of the other tenants were in any way different.
Callis's testimony and the evidence of the history of her negotiations with Colonial is substantial evidence that she wasinduced to enter into the lease in question because ofrepresentations made by Colonial. There is also substantial evidence in the record that the representations used to induce Callis into executing the lease were false.
This Court recently addressed the law governing fraud in the inducement to a contract in Harris v. M S Toyota, Inc.,575 So.2d 74, 77 (Ala. 1991):
 "Our law on the admissibility of fraudulent representations that are employed to obtain assent to a written contract has been stated as follows:
 " 'On the issues of whether a contract is void, voidable or reformable because of illegality, fraud, mistake or any other reason and whether the parties assented to a particular writing as the complete and accurate integration of their contract, there is no parol evidence rule to be applied. On these issues no relevant evidence, parol or otherwise, is excluded. No written document is sufficient, standing alone, to determine any one of them, however long and detailed it may be. No one of the issues can be determined by mere inspection of the written document. See 3 A. Corbin, Contracts, § 573 at 630 (1960). Accord, Battery Steamship Corp. v. Refineria Panama, S.A., 513 F.2d 735 (2d Cir. 1975).'
 "Richard Kelley Chevrolet Co., v. Seibold, 363 So.2d 989, 993 (Ala.Civ.App. 1978) (emphasis added [in Harris]). See Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746 (Ala. 1990), Crispell v. Sunbelt Chrysler Plymouth, Inc., 544 So.2d 939
(Ala. 1989), Mann v. Cherry, Bekaert Holland, 414 So.2d 921 (Ala. 1982), Blake v. Coates, 292 Ala. 351, 294 So.2d 433 (1974), and Nelson Realty Co. v. Darling Shop of Birmingham, Inc., 267 Ala. 301, 101 So.2d 78 (1958)."
It is important to note that the principles set out inHarris have long been the settled law of this state.
 "A stipulation in the written contract that there are no verbal understandings not incorporated herein does not estop the party to set up fraud in verbal misrepresentations inducing the contract. Fraud vitiates the contract as a whole. The law does not countenance a contract against the consequences of fraud."
Alabama Machinery Supply Co. v. Caffey, 213 Ala. 260, 262,104 So. 509, 511 (1925).
Because of the principles of law stated in Harris and Caffey, the trial court erred in entering summary judgment against Callis *Page 664 
based solely on the terms of the contract. Callis presented substantial evidence that she was induced to sign the lease in question because of fraudulent representations about the type of businesses that Colonial would allow in the shopping center. In light of this evidence, the lease, standing alone, cannot determine the issue of fraudulent representation. Whether Callis was fraudulently induced into signing this lease is an issue for the trier of fact; a consideration of that issue must include consideration of the representations Callis says were made to her outside the lease.
Accordingly, I dissent from the affirmance of the summary judgment as to the fraud claim. I would reverse the summary judgment on that claim and remand this cause to the trial court for further proceedings. I concur as to the holding in the other contract claims.
SHORES and INGRAM, JJ., concur.