## PERKINS *vs.* MOORE, (Judge, &c.)

1. A judgment on general demurrer to the declaration is a judgment on the merits, and is conclusive in a subsequent suit on the same cause of action.

2. A plea of former recovery, which avers "that the plaintiff impleaded the defendant and one E. B. & E. E. in a previous action of debt, on the same bond and condition now sued upon, and in the same Court, and assigned in his declaration the same breaches of the condition of said bond now assigned," &c., identifies with sufficient certainty the two causes of action.

Error to the Circuit Court of Tuscaloosa. Tried before the Hon. John D. Phelan.

THIS was an action of debt, instituted in the name of the defendant, for the use of Isaac N. Mayfield and wife, against the plaintiff in error, as a security on the bond of Edward B. Elliott, Executor of John Spencer, deceased. The facts of the case appear fully in the opinion of the Court.

J. B. CLARKE and PORTER for plaintiff.—1. A judgment on a general demurrer to a declaration is a final judgment on the merits. Gould's Pleading, 477, §§ 43–44; Bacon's Ab., title Pleas and Pleading—Demurrer 4.

II. A plea of a former judgment for the defendant on a general demurrer to a delaration, stating the same identical cause of action and breach, is a complete bar to the action. Gould's P. 478, Sec. 45.

III. A plea of a former judgment for the defendant on a general demurrer to a declaration, stating the same identical cause of action and breach, creates a complete bar, unless such bar be avoided by replication. 1 Chit. Pl. 198, 214, 540; 1 Mod R. 207; Viner's Ab. title, "Judgment," 2–4; 3 Chit. Pl. 928, 930, and 1062.

PECK for defendant.—I. As to the plea of former judgment on demurrer, against the defendants in error, I refer the court to Wilber v. Gilman, 21 Pickering, 250, 253; Knox v. Waldoborough, 5 Greenleaf, 185; 1. Mod Rep. 207; 1 Ch.

Pl. 198, 199, and note 3; 2 Wm. Blackstone, 827; 3 Ch. Pl. 928, 956.

A plea of former judgment need not state the issue, upon which the judgment was rendered; it need not state whether it was an issue of fact, or of law. On such plea, the judgment is *prima facie* conclusive, and in such case, the plaintiff must reply that it was not a judgment on the merits, but if the plea shows, that the judgment was not on the merits, the plaintiff may demur.

CHILTON J. No objection is brought to our view, to the declaration in this case. It is in the usual form and contains every averment necessary to make it good. It is upon the bond of the executor, against whom the plaintiffs below have a judgment in the Orphan's Court, with a return of *nulla bona*, upon an execution issued thereon. This, according to our numerous decisions, is sufficient to entitle the plaintiffs below to their action.

The several pleas which were filed in this case, except the first, have passed under our revision, in the case of Perkins et al v. Moore, Judge, &c., at the present term, and were held bad. It is therefore unnecessary to notice them in this opinion. We will confine our examination to the first plea.

This avers, that the plaintiff impleaded the defendant, and one E. B. and Enoch Elliott, in a previous action of debt, on the same bond and condition now sued upon, and in the same court, and assigned in his declaration the same breaches of the condition of said bond now assigned: That the said defendants in said previous suit demurred to said declaration, which demurrer was sustained by the court, and thereupon such proceedings had, as that judgment was rendered in said suit, that the said defendants go hence and receive their costs, which said judgment, it is insisted, is in full force and unreversed, &c.

To this plea, a demurrer was interposed, and sustained in the primary court. It is here insisted that the judgment in the former suit, not being on the merits, but shown by the plea to have been upon demurrer, should not bar a subsequent action. This doctrine seems to have received some countenance from this court under its old organization, as appears by the case

of Pace v. Dossey 1 Stew. Rep. 20; see also 2 S. and P. 341. But the correct doctrine is, that a judgment on a general demurrer to a declaration is a judgment on the merits, and conclusive upon a subsequent action for the same cause. In this case, a majority of the court are of opinion, that the plea, although it does not set out the record of the former judgment, sufficiently identifies the two declarations, to satisfy them, that they are substantially the same, and being the same, the judgment on demurrer is a good bar. Gould on Pl. 478; 1 Chit. Pl. 198, 214, 540. I have not been able to agree with my brethren in respect to the identity of the two causes of action, or rather of the two declarations. In my judgment, the plea, being in the nature of an estoppel, cannot be aided by any intendment; and this declaration being confessedly good, we cannot therefore intend that the former declaration, although it averred the same breaches of the same bond, averred them in the same way; for if this intendment were indulged, it would amount to a presumption, that the court, upon the trial of the first case acted improperly, and decided against the law. I think it better conforms to the law, governing the doctrine of legal intendment, to presume that the same breaches, now assigned upon the condition of this bond, were imperfectly assigned in the first declaration.

It will be observed, that this plea is unlike any of the forms furnished by the books, and we have looked in vain for a precedent to guide us. The usual mode is for the defendant to plead the former judgment in bar. This plea does not show whether the judgment was upon the merits, or otherwise; but if the judgment was not upon the merits, but was rendered upon a defect in the declaration, then the practice is for the plaintiff to reply this matter. In the case at bar, however, the plea itself shows that the former judgment was upon a demurrer to the declaration, and showing this, in my opinion, the legal intendment is that the declaration in the first case was defective, and unlike the declaration in this case, which is manifestly good; and the pleader having thus raised a presumption adverse to his plea, should have gone further, and have averred not only, that the two declarations contained the same identical breaches, on the identical same condition of the bond, but that all the other collateral facts, necessary to

give point to the breaches, were identical. My brethren think the plea in substance does this, and that the demurrer to it was improperly sustained. According to the rules of law, which in my judgment apply, the plea, which is purely technical, and which, being a plea in estoppel, should not be aided by intendment, does not sufficiently exclude the presumption, which the law raises of a defect in the first declaration. The judgment pleaded must be upon the merits—1. Greenl. Ev. 530 and citations.

Let the judgment of the Circuit Court be reversed, and the cause remanded, that the plaintiff, if he desire it, be allowed to reply, and such proceedings be had, as shall conform to the views of a majority of the court.