# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1912-13.

## Southern States F. & C. I. Co. v. Wilmer Stores Co.

*Bill to Rescind Sale of Stock.*

(Decided November 28, 1912. 60 South. 98.)

*Corporations; Sale of Stock; Rescission; Fraud.*—Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge; or if made by mistake and innocently, and acted on by the injured party, constitutes legal fraud under section 4298, Code 1907, and authorizes the rescission of a contract of sale of the stock of a corporation.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by the Wilmer Store Company against the Southern States Fire & Casualty Insurance Company to rescind a sale of stock in said corporation for fraud. Decree for complainant and respondent appeals. Corrected and affirmed.

LAMKIN & WATTS, for appellant. Counsel discuss the errors assigned and insist that error prejudicial to appellants intervene, but they cite no authority in support of their contention.

GORDON & EDDINGTON, for appellee. The equity of the bill has been settled in the case of *Southern States*

*F. & C. I. Co. v. Whatley*, 55 South. 620. The facts constitute legal fraud sufficient in law to authorize a rescission of the contract.—Sections 4298 and 4299, Code 1907; *Martin v. Martin*, 35 Ala. 520; *Perry v. Boyd*, 126 Ala. 168.

DOWDELL, C. J.—The bill in this case is filed for the rescission and annulment of a contract on the grounds of misrepresentation and fraud. In the case of *Southern States Fire & Casualty Co. v. R. L. Whatley*, 173 Ala. 101, 55 South. 620, recently before this court, on substantially the same allegations as contained in the present bill, the bill was held to contain equity.

The main question presented for our consideration on this appeal is one of fact. A careful consideration of all of the evidence in the record satisfies us that the charges of misrepresentation and fraud as to a material fact, as made in the bill, have been sustained by the weight of the evidence, and such was the conclusion of the chancellor. A rehearsal of the evidence here could serve no good purpose. The weight of the testimony shows that the representations made to the complainant, and which induced the complainant to enter into the contract, were false. And if the misrepresentations were so made, the only reasonable conclusion, under all of the evidence, to be drawn, is that they were made with the intention to deceive. That the misrepresentations were as to material facts seems not to be questionéd, and such was our conclusion, on substantially the same state of facts alleged in the bill, in the *Whatley Case, supra,* in sustaining the equity of the bill. That such misrepresentations constituted legal fraud, we think cannot be doubted. The law on this subject, as codified in section 4298, Code 1907, reads as follows:

[Watson v. Hamilton.]

"Misrepresentations of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party constitute legal fraud."

The chancellor in his decree made a mistake in the computation of interest. It appears that in the note of $520, given by the complainant, interest to the amount of $20 was included. Interest, therefore, for the time named in the decree, should have been calculated on $500, instead of $520. This error will be corrected here, and, as corrected, the decree will be affirmed.

Affirmed. All the Justices concur.