(110 So. 391)

**EDMUNDSON et al. v. MULLEN.** (8 Div. 884.)

(Supreme Court of Alabama. Nov. 4, 1926. Rehearing Denied Nov. 26, 1926.)

**1. Deeds ⬤112(2)—Duly certified and acknowledged plat, referred to in deed as recorded in probate court, held incorporated in deed (Code 1923, §§ 10357, 10358).**

Under deed describing property, stated to be "as shown by plat and survey of M," made on certain date and recorded in office of judge of probate, such plat certified by surveyor, acknowledged, and recorded by owners, under Code 1923, §§ 10357, 10358, was sufficiently connected by description in deed to incorporate same in deed.

**2. Deeds ⬤112(2)—That recording of plat referred to in deed was subsequent to date of deed, but prior to its acknowledgment, held immaterial.**

That date of recording of plat was later than that shown at foot of deed, but prior to date of acknowledgment of deed was immaterial in determining whether plat was incorporated in deed.

**3. Evidence ⬤417(18)—Parol evidence of delivery date of deed is admissible.**

In action to enforce refund of part of purchase money paid for real estate because of shortage in area, parol evidence of date of delivery of deed is admissible.

**4. Deeds ⬤108—Deed dates from delivery, after signature and acknowledgment.**

Deed dates from its delivery, after proper signature and acknowledgment.

**5. Boundaries ⬤10—Plat showing dimensions of lots and width of streets imports that lots extend only to street boundary.**

Plat duly certified, acknowledged, and recorded, under Code 1923, §§ 10357, 10358, showing dimensions of lots and width of adjoining streets, with no indicia that lot overlaps into street, imports that dimensions extend only to street boundary.

**6. Evidence ⬤413—Dimensions in plat referred to in deed cannot be contradicted by parol evidence that lots extended to middle of adjoining streets.**

Parol evidence that width of lots extended to middle of adjoining street is in contradiction to plat made part of deed, showing dimensions of lots and width of adjoining streets with no indicia that lot overlapped street, and was inadmissible to contradict dimensions.

**7. Vendor and purchaser ⬤22—Dimensions of lot are substantial parts of description and essence of contract for sale of land.**

Dimensions of lot are substantial part of description and are to be regarded as essence of contract for sale of property, especially as against owner and maker of plat.

**8. Vendor and purchaser ⬤341(2)—Allegation of overpayment because of misrepresentations of defendant is sufficient in action to recover overpayment in sale of land, without averring intent to deceive (Code 1923, § 5677).**

In suit to recover part of purchase money for land because of shortage in area, allegation that plaintiff acted on misrepresentations of defendant in making overpayment sufficiently showed that plaintiff was misled, it being unnecessary to aver an intent to deceive as in actions of deceit, under Code 1923, § 5677.

**9. Fraud ⬤13(2)—Misrepresentations of material fact, though mistakenly made, if acted upon, constitute fraud (Code 1923, § 8049); "legal fraud."**

Misrepresentations of material fact, though made by mistake and innocently, if acted on by

opposite party, constitute "legal fraud," in view of Code 1923, § 8049.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legal Fraud.]

**10. Fraud ⬤⇒9—Fraudulent misrepresentations relate to antecedent matters inducing making of contract.**

Fraudulent misrepresentations relate to antecedent matters inducing making of contract that otherwise would not have been made, while representations relating to subject-matter, carried into the terms of contract itself, render obligation contractual.

**11. Vendor and purchaser ⬤⇒334(7)—Purchaser, paying for land before discovering that acreage conveyed was less than shown by plat incorporated in deed, may recover refund.**

Purchaser of land, receiving less acreage than shown by dimensions of plat incorporated in deed, may recover refund for shortage, if payment was made before discovering same.

**12. Vendor and purchaser ⬤⇒45—Outlining street on ground and grading it did not per se give buyer notice that his lots were 300 instead of 320 feet in width, notice being jury question.**

In suit to recover refund of portion of purchase money paid for real estate because of shortage in area, outlining of street on ground and grading it did not per se give plaintiff notice that width of lot was only 300 feet instead of 320 feet, but question of notice was for jury.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by Hal Mullen against Lelia S. Edmundson and W. B. Edmundson. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

S. A. Lynne, of Decatur, for appellants.

Count 4 fails to allege that the plaintiff was deceived by the alleged fraudulent representation, that same was made to induce plaintiff to purchase the property, nor that plaintiff believed the representation was true, and demurrer thereto should have been sustained. Attalla Oil & F. Co. v. Goddard, 207 Ala. 287, 92 So. 794; Lincoln v. Ragsdale, 9 Ind. App. 555, 37 N. E. 25; Wall v. Graham, 192 Ala. 399, 68 So. 298. Count 6 is subject to the same objections, and also fails to allege lack of knowledge on the part of plaintiff as to the shortage and that defendants had knowledge of same. 27 C. J. 35; Friddle v. Braun, 180 Ala. 556, 61 So. 59; Code 1923, § 5677. Where the contract is for the sale of a specified tract or designated lot or parcel, by name or description, for a gross sum, a mutual mistake as to quantity will not entitle the purchaser to compensation. Parol evidence was inadmissible to vary or contradict the contract. Winston v. Browning, 61 Ala. 80; Carter v. Beck, 40 Ala. 599; Rogers v. Peebles, 72 Ala. 529; Wright v. Wright, 34 Ala. 194.

Eyster & Eyster, of Albany, for appellee.

The price paid was so much per acre, which may be shown by parol, and plaintiff was entitled to recover what he paid for the land he did not get. Terry v. Rich, 197 Ala. 489, 73 So. 76. The counts were sufficient. Harton v. Belcher, 195 Ala. 189, 70 So. 141; Hodges v. Denny, 86 Ala. 226, 5 So. 492; Brassell v. Fisk, 153 Ala. 558, 45 So. 70; Hunt v. Jones, 203 Ala. 542, 84 So. 718.

BOULDIN, J. The purpose of the suit is to enforce a refund of a portion of the purchase money paid for real estate because of shortage in area.

[1] The deed from defendants to plaintiff describes the property as:

"Lots 1 and 24 in Wilder place, section [or subdivision] of section 28, tp. 5, range 4 west, as shown by plat and survey of J. P. Melvin, C. E., made on the 12th day of February, 1919, and recorded in the office of the judge of probate of Morgan county, Ala."

The plat, duly certified by the surveyor (Code, § 10357), acknowledged by the owners, and recorded (Code, § 10358), was sufficiently connected by the description in the deed.

[2-4] That the date of record was later than that shown at the foot of the deed, but prior to the date of acknowledgment, was immaterial. A deed dates from its delivery, after proper signature and acknowledgment. Parol evidence of date of delivery is admissible. The parol evidence, without dispute, identifies the plat in evidence with that from which the deed was made. The plat was thus incorporated in the deed.

The plat shows each of the lots to be 320 feet by 726 feet, bounded east by a roadway or avenue 40 feet wide. Written in each lot is "5.33 acres," conforming to the dimensions given. The consideration expressed and paid was $2,166. It is without dispute that, in fact, the lots are only 300 feet in width within the boundaries designated by lines upon the plat, thus reducing the acreage to 10 acres. The suit is to recover the $166, alleged to have been paid without notice of the shortage.

The main contentions of defendants are two: First. That the deed shows a sale of designated lots for a gross price; that the area is not of the essence of the contract. Second. That the widths of the lots, as given, extended to the center of the adjoining street; that this was known and agreed to by plaintiff at the time of closing the deal. Plaintiff denies such knowledge or agreement. It is not in dispute that the purchase was negotiated on a basis of $200 per acre.

[5] A plat duly certified, acknowledged, and recorded, showing dimensions of lots,

---

and also width of adjoining streets, with no indicia that the lot overlaps into the street, imports that the dimensions given extend only to the street boundary shown on the plat. That statute directs that it shall show the lengths and bearings of the boundaries of each lot, and also the bearings and width of streets, all to be certified by a competent surveyor, signed also, and acknowledged by the owner.

The sum of these measurements, nothing being shown on the map to the contrary, is to cover and conform to the subdivision or tract platted. Accuracy and care, as well as honesty of purpose, are aimed at in making such public records likely to involve valuable property rights during an indefinite future.

[6, 7] Parol evidence that the width of lots extends to the middle of the adjoining street is in contradiction of the map made part of the contract. The dimensions of the lot are substantial parts of the description. Dealing with suburban property, whose value rests more and more on a footage basis, the dimensions of a lot shown upon a recorded plat, the basis upon which property is offered to the public, are to be regarded as of the essence of the contract, especially as against the owner and maker of the plat.

The rule in cases of another and particular description identifying the property, wherein the area is given merely as added matter of description, not contractual in nature, does not apply. The other rule that, when the dimensions or area is an integral part of the description, it is not to be contradicted or varied by parol any more than other parts of the deed is applicable. Terry v. Rich, 197 Ala. 486, 73 So. 76; Hodges v. Denny, 86 Ala. 226, 5 So. 492; Winston v. Browning, 61 Ala. 80.

[8] Counts 4 and 6 of the complaint are framed on the theory of fraudulent misrepresentations. They allege the negotiation of the sale at a price based on acreage, representation verbally and in the deed of the acreage therein shown. Count 4 alleges that "because of such misrepresentations" the overpayment was made. Count 6 avers "upon such misrepresentations the said plaintiff acted and paid to the defendants" the sum in question.

[9] They sufficiently show plaintiff was misled and acted upon such misrepresentations. Misrepresentations of material fact, though made by mistake and innocently, if acted upon by the opposite party, constitute legal fraud. Code, § 8049. It is not necessary to aver an intent to deceive as in actions of deceit under Code, § 5677. Harton v. Belcher, 195 Ala. 189, 70 So. 141; Hunt v. Jones, 203 Ala. 542, 84 So. 718; Southern States Co. v. Wilner Store Co., 180 Ala. 1, 60 So. 98. These counts were not subject to the demurrer interposed. The case is supported, however, rather upon the common counts in assumpsit than on these counts based upon alleged fraud.

[10-12] Fraudulent misrepresentations relate to antecedent matters inducing the making of a contract that otherwise would not have been made. Representations relating to the subject-matter, carried into the terms of the contract itself, render the obligation contractual. It is not needful to go into the issue of fraud·vel·non. It is assuming an unnecessary burden. Under the undisputed evidence, plaintiff was entitled to recover for the admitted shortage, if payment was made before discovery of same. The mere fact that the street was outlined on the ground and graded did not per se give plaintiff notice that his lots were short of dimensions given. The ordinary observer will not, upon a view of the ground, detect the difference between a line 300 feet and one 320 feet long. Whether he had notice otherwise was a question for the jury.

We find no reversible error in any of the matters presented in argument.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.