(119 So. 685)

**GULF ELECTRIC CO. v. FRIED.**
(1 Div. 494.)

Supreme Court of Alabama.   Dec. 6, 1928.

Rehearing Denied Feb. 2, 1929.

Inge & Bates, of Mobile, for appellant.

Smiths, Young & Johnston, of Mobile, for appellee.

PER CURIAM. The fifth count of the complaint, in substance, avers that T. A. Yeend and Yeend Bros. Realty Company, Inc., acting by and through its president, T. A. Yeend, were the duly-authorized agents of the defendant to rent the property in question, and that said agents, while acting within the line and scope of their employment as agents of the defendant, and in and about the business of the defendant, asserted to plaintiff's agent as a truth, and as an inducement to the plaintiff to rent the premises, that there was an elevator in said premises that made the second and third floors of the building accessible for plaintiff's use; that the plaintiff relied on said representation, and without inspecting the property executed the lease, and in fact there was no elevator in said building, as represented by said agents.

The appellee's contention is that the demurrers to this count were properly sustained; that, for plaintiff to maintain an action for deceit, he must aver and prove, not only that the representation was false, and made as an inducement to making the contract, but that it was expressly authorized by the defendant, or made with his knowledge and consent, and, if it relates to an obvious fact open to ordinary observation, though not true, the doctrine of caveat emptor applies, and denied to the plaintiff the right to rely on the representation.

The rule that holds the principal liable for his agent's fraud, tort, or negligence, though committed without the principal's participation or consent, if it is done in the course of his employment, and is not a willful departure from it, is one of general acceptation and sustained by the great weight of authority, and, as to third persons affected by the agent's acts or words, it is sufficient if he acts within the apparent scope of his authority. Johnson v. Barber, 5 Gilm. (Ill.) 425, 50 Am. Dec. 416, and note; Griswold v. Gebbie, 126 Pa. 353; 17 A. 673, 12 Am. St. Rep. 878; Jarvis v. Manhattan Beach Co., 148 N. Y. 652, 43 N. E. 68, 31 L. R. A. 776, 51 Am. St. Rep. 727; Ball v. Farley, Spear & Co., 81 Ala. 288, 1 So. 253; Haskell v. Starbird, 152 Mass. 117, 142 N. E. 695, 23 Am. St. Rep. 809; Lothrop v. Adams, 133 Mass. 471, 43 Am. Rep. 528; Busch v. Wilcox, 82 Mich. 336, 47 N. W. 328, 21 Am. St. Rep. 563; Du Souchet v. Dutcher, 113 Ind. 249, 15 N. E. 459; Nichols v. Wadsworth, 40 Minn. 547, 42 N. W. 541; 21 R. C. L. 905, § 82.

And "'it is as much a fraud at law to affirm as true what is untrue, though not known to be so, as to assert what is known to be untrue. The law imposes the duty of ascertaining the truth of the statement before making it, and demands in case of omission that the representation shall be made good.' * * * The principle is, that one, in negotiating a trade, shall not recklessly, or even innocently, assert as fact that which is untrue, if such asserted fact be to any extent an inducement to the other party to enter into the contract." Ball v. Farley, Spear & Co., supra; Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Jordan v. Pickett, 78 Ala. 331; Harton v. Belcher, 195 Ala. 186, 70 So. 141; Byars v. Sanders, 215 Ala. 561, 112 So. 127; Cartwright v. Braly, ante, p. 49, 117 So. 477.

Such fraud, if it results in damage to the party deceived thereby, will support an action for deceit, whether the transaction in which it is committed relates to personal or real property. Sledge v. Scott, 56 Ala. 202; Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Harton v. Belcher, Byars v. Sanders, supra; Haskell v. Starbird, 152 Mass. 117, 142 N. E. 695, 23 Am. St. Rep. 809.

The doctrine of caveat emptor is not applicable where the party injured is induced

by the fraud of the other party to act without inspection of the property, the subject of the transaction. 35 Cyc. 68, Par. II; Stewart v. Wyoming Ranch Co., 128 U. S. 383, 9 S. Ct. 101, 32 L. Ed. 439; Matthews v. Bliss, 22 Pick. (Mass.) 48; Burnett v. Hensley, 118 Iowa, 575, 92 N. W. 678; Raeside v. Hamm, 87 Iowa, 720, 54 N. W. 1079. McCoy v. Prince, 11 Ala. App. 388, 66 So. 950, cited by appellee holding that misrepresentations made by mistake and innocently where the misrepresentation was as to a fact, would authorize a rescission, but would not support an action for deceit was in effect disapproved in Cartwright v. Braly, supra.

■ After due consideration, the opinion prevails that count 5 was not subject to the stated grounds of demurrer, and that error to reverse was committed in sustaining the demurrer.

■ We are further of opinion that the other counts of the complaint were subject to some of the grounds of the demurrer, and therefore the demurrers to these counts were sustained without error.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and BROWN, JJ., concur.
FOSTER, J., not sitting.

THOMAS, J. (dissenting). The original complaint in one count for assumpsit had demurrer sustained on April 13, 1927. Thereafter there were several successive counts to which demurrers were sustained. Appellee insists there was final disposition of the cause by the judgment sustaining demurrer to the fifth count, which was in case for deceit, and was the only count to the complaint. This judgment was rendered October 15, 1927; at the expiration of 30 days did it become final? The purported final judgment rendered February 4, 1928, recited the failure of amendment, declination to plead further, and judgment "for defendant" awarding him "all costs in the cause created." And on February 17, 1928, the plaintiff appealed from the judgment heretofore rendered in said cause in favor of the defendant. Appellee cites several authorities in support of the finality of the judgment entered of date of October 15th. We shall examine these decisions on that question.

In Perkins v. Moore, 16 Ala. 17, an action for debt, speaking of the effect of sustaining a demurrer to the complaint, the court said:

"A judgment on a general demurrer to a declaration is a judgment on the merits, *and conclusive upon a subsequent action* for the same cause."

This announcement was in consideration of a plea of former judgment, when there was judgment for the defendant on general demurrer to a declaration stating the same cause of action and breach, and held a "good

bar" to subsequent action for "substantially the same" cause.

At the time of this decision. there was recognized the general demurrer at law. At common law the amendments allowable being for "variations in pleadings, * * * in order that an explanation may be given of a step taken." Will's Gould on Pleading, pp. 105, 106, 125, 587. And the matter concluded by demurrer under the rule of the common law is thus stated:

"On demurrer to any of the pleadings, which go to the action, the judgment, for either party, is the same as it would have been, on an issue in fact, joined upon the same pleading, and found in favor of the same party. * * * A judgment, rendered upon demurrer, is equally conclusive (by way of estoppel) of the facts confessed by the demurrer as a verdict, finding the same facts, would have been, since they are established as well in the former case, as in the latter, by matter of record. And facts, thus established, can never afterwards be contested, between the same parties, or those in privity with them." Will's Gould on Pl. pp. 587, 588.

Such was the rule of the common law, and such was the decision on res judicata in Perkins v. Moore, 16 Ala. 17, and the recent application of that rule in Crowson v. Cody, 215 Ala. 150, 110 So. 46. The case of Perkins v. Moore is cited in Town of Tallassee v. State ex rel. Brunson, 206 Ala. 169, 89 So. 514, 20 A. L. R. 1127, where the action was in the nature of a quo warranto against the individuals acting as mayor and aldermen of the municipality. The answer set up the former action, pleading, and adverse ruling on demurrer, and it recites:

That "relators *declined to amend* the information, and final judgment was entered in favor of the respondents"; that said former ruling was "upon the merits"; that the "judgment rendered was tantamount to one upon the merits on a final submission."

In this we find an application of the rule on the subject of res judicata, where a "mutual estoppel" is the result of the adverse ruling as to the parties and the rights in the subject-matter that has remained unchanged. Clark v. Whitfield, 213 Ala. 441, 444, 105 So. 200. If a complaint is demurred to, and there is ruling in favor of the defendant, and no amendment is made, the plaintiff cannot file a new suit based on the same facts. His remedy is when a nonsuit is taken and review thereof sought. There is analogy in Crowson v. Cody, 215 Ala. 150, 153 (12), 110 So. 46.

The case of Watson v. Jones Bros., 121 Ala. 579, 580, 25 So. 720, cited by appellee, was a suit in equity where the "whole demurrer" to the bill was sustained, and Mr. Chief Justice McClellan observed that the effect of that ruling "was to put the bill out of court unless it is amended," and that "respondent can take no step in the cause until the amendment is made"; that the other party "may then * * * again demur to the bill," and

appeal may be taken "to this court if her demurrer is overruled." See. also, Cottingham v. Greely, 123 Ala. 479, 26 So. 514; Kinney v. Reeves & Co., 139 Ala. 386, 36 So. 22.

In Terry v. Allen Bros., 132 Ala. 657, 32 So. 664, where the action was at law, Judge McClellan cited the. case of Watson v. Jones Bros., supra, and observed:

That the "demurrer to that complaint is sustained, *and, if plaintiff declines to amend, judgment final must be rendered against him.*"

Thus he indicated a difference between such ruling at law and in equity. In one an appeal may be taken from the ruling on demurrer, while in the other the ruling may not be reviewed until there has been a final judgment.

In the case of Ex parte Highland Ave. & Belt R. Co., 105 Ala. 221, 17 So. 182, in considering the 30-day statute as to *final judgments* and decrees rendered. the opinion concludes with the observation that:

The "end of 30 days after *final judgments* and decrees * * * as to them is thereby made the end of the term of the court, and thereafter * * * has no * * * power or control * * * [as] if the term had finally adjourned."

Recent decisions at law following the decision in Ex parte Highland Ave. & Belt R. Co., supra, are Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; Ex parte Bozeman, 213 Ala. 223,. 104 So. 402: Ex parte Brickell, Judge, 204 Ala. 441, 86 So. 1; Lewis v. Martin, 210 Ala. 401, 411, 412, 98 So. 635; Greer v. Heyer, 216 Ala. 229, 113 So. 14; Ex parte Adams, 216 Ala. 353, 113 So. 513.

In the case of Smith v. L. & N. R. Co., 208 Ala. 440, 441, 94 So. 489, the plaintiff's demurrers to several pleas were overruled, and two years thereafter it is recited in the judgment that plaintiff took a nonsuit because of such adverse rulings on the pleading. There was motion to dismiss the appeal, taken within six months from judgment on nonsuit, which was disposed of by this court (adversely to movent), saying:

"The right to review accorded by the statute is of the adverse ruling creating the necessity for taking. nonsuit. but the period within which appeal must be taken (six months) commences when the nonsuit is taken."

And of the Smith Case, supra, it is insisted by appellee's counsel:

That there is a material difference "between a judgment sustaining demurrers to only one count in a complaint and a judgment overruling demurrers to three of five pleas pleaded to a complaint; * * * that as long as there is no complaint in the cause there is no cause pending in which a trial can be had; * * * that so long as the cause stands at issue upon a good complaint and five pleas (as was the pleading in the Smith Case, supra) it has not been finally disposed of."

This striking observation makes necessary a further consideration of our cases.

In Lide v. Park, 132 Ala. 222, 31 So. 360, the authority for appealing, within the prescribed time of the statute, from an interlocutory decree sustaining a demurrer to a bill in equity was adverted to and it was held an appeal from a decree sustaining demurrer to a bill, taken *after the lapse of 30 days from rendition of decree,* will be dismissed on motion, although taken within 30 days after expiration of the time allowed by the decree [sustaining the demurrer and giving the time] for amending the bill. However, it was further held that the decree sustaining the demurrer giving complainant "thirty days within which to amend said bill, so as to give it equity, *or it will stand dismissed,*" does not dismiss the bill, and "a subsequent order is required to finally effect the dismissal." And in Blankenship v. Hail, 214 Ala. 95, 106 So. 594, the order in case, pending on the law side of the court, setting aside judgment upon payment of costs within 60 days, held not a final judgment, and may be modified after expiration of 30 days from its entry by the court having jurisdiction of the cause.

These rulings are in accord with the requirements of the statute, which are as follows: (1) Provision for execution after the "lapse of 10 days from the rendition of a judgment or decree," thus presupposing a finality of the matter to "execution" for amount or costs; (2) and the declaration that after the lapse of 30 days from date on which judgment or decree was rendered the court shall lose power over it; (3) unless motion to set *aside the judgment* or decree, or grant a new trial has been filed and called to the attention of the court, and due order of continuance entered. Section 6670, Code of 1923. The statute was noted in the recent case of Ex parte U. S. Shipping Board Emergency Fleet Corp., 215 Ala. 321, 110 So. 469, where it was held that after 30 days from rendition of the judgment nil dicit (with writ of inquiry to be executed at a later date), the trial court had not the right of amendment of the motion to set aside judgment, by adding new and distinct grounds for such relief cited. The same application of the statute is contained in Dulin v. Johnson, 216 Ala. 393, 113 So. 397, where there was a lapse of more than 30 days after the judgment setting aside a judgment nil dicit, and this record did not show an order of continuance of the motion for hearing entered within the 30 days. Ex parte Margart, 207 Ala. 604, 93 So. 505.

In Ex parte Bozeman, 213 Ala. 223, 104 So. 402, a judgment by default was interlocutory until there was a proper assessment of damages by the jury on execution of a writ of inquiry, that the 30-day statute did not apply, and the court did not lose control over the cause, and may thereafter restore it to the docket, that the writ of inquiry be executed and a "valid judgment," a final judgment, be entered on execution of the writ and pur-

suant to the jury's verdict and assessment of the damages.

Again, in Ex parte L. & N. R. Co., 214 Ala. 489, 492, 108 So. 379, the writer, for this court, collected the authorities of the character and probative force of appealable judgment, and it was held that the period for appeal runs from the formal entry thereof on the minutes of the court, and that the 30-day statute applies only as to final and formal judgments at law and decrees from which an appeal may be taken. Lewis v. Martin, 210 Ala. 411, 412, 98 So. 635; Ex parte Margart, 207 Ala. 604, 93 So. 505; A. C. L. R. Co. v. Burkett, 207 Ala. 344, 92 So. 456.

A final judgment is that which determines the material issues of fact and law litigated or necessarily involved in the cause; determines the legal rights of the parties and the principles by which such rights are to be worked out. Adams v. Sayre, 76 Ala. 509. And this is the application of common sense and justice between the parties at interest. The authorities are reviewed on the question of a final judgment or decree in De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

And in Herstein v. Walker, 90 Ala. 477, 7 So. 821, Mr. Chief Justice Stone said of a decree making final disposition of the entire costs:

That "it makes no difference that the ruling was on demurrer"; that "when a demurrer is sustained, or overruled, and a final decree suffered to be rendered, without asking leave to amend or reply, as the case may be, and the term of the court is permitted to expire; this is, to all intents, a final decree on the questions raised, or which could be raised on the proceedings."

Be it remembered that in equity the words by Judge Stone as to the procedure after ruling on demurrer, were:

"And a final decree *suffered to be rendered, without asking leave* to amend or reply," "and the term of the court is permitted to expire," —the losing party is "without remedy save by appeal, or, in a proper case, by bill of review."

After judgment on demurrer the court must permit, pursuant to the statute, amendment of the pleadings, "and such amendment must cause no delay in the trial of the cause," and must not be productive of injustice to the opposing party. Section 9516, Code. "The party against whom a judgment on demurrer * * * is rendered may plead over as a matter of right, without waiving his privilege of assigning such judgment as error in an appellate court," unless he later has the benefit of that pleading. Section 9517, Code. That is to say, the proper practice for the party against whom a judgment on demurrer or plea in abatement is rendered is: either to (1) decline to plead further and suffer judgment from which an appeal lies, and duly reserve his right of review; or (2) amend,

by pleading over, as a matter of right, without waiving the privilege of assigning the former judgment as error on this appeal. Steele v. Booker, 205 Ala. 210, 212, 87 So. 203. The procedure in the premises is stated in Ellis & Co. v. Brannon, 161 Ala. 573, 49 So. 1034. The court said:

"The plaintiffs did not seek to take advantage of this statute. There was no attempt or offer by them to plead over after the sustaining of demurrers to the complaint, nor offer to amend, nor did they expressly decline to plead further and suffer judgment for the defendants, from which they could have appealed, but they simply declined to take any further action, and, as appears by the record, the complaint not being amended and no offer being made to amend it at a subsequent call of the case, the cause was dismissed for want of prosecution. This order dismissing for want of prosecution is such a final order or judgment as will support an appeal. However, on an appeal from such order nothing can be revised by this court except the action or order of the trial court in dismissing the cause for want of prosecution; yet on an appeal from such order or judgment the actions of the court in sustaining or overruling demurrers to the complaint or other pleadings prior to this action cannot be reviewed. The case is not within the provisions of section 5370 of the Code [1907] *but for which the action of the court in sustaining or overruling demurrers to the complaint could not be reviewed* after an amendment of the complaint, and certainly the order or judgment dismissing the cause for want of prosecution is not a judgment against the defendants for failure to plead further which would authorize a review of the action of the court in sustaining or overruling the demurrers. Wailes v. Howison, 93 Ala. 375, 9 So. 594; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Williams v. Ivey, 37 Ala. 242; Sheppard v. Shelton, 34 Ala. 652, 84 Ala. 562; Stallings v. Newman, 26 Ala. 300, 62 Am. Dec. 723." (Italics supplied.)

The order of the court of date of October 15, 1927, was that setting aside former order sustaining demurrer to count 5 of the complaint (the only count in), for resubmission of old and new grounds of demurrer for consideration, and judgment that the original demurrers (filed July 16, 1927) and amended demurrers (filed September 12, 1927) "to the fifth count of the complaint be, and the same are hereby sustained." It was the only count before the court; there was no effort or request to plead over. The record is silent until February 4, 1928, when judgment was entered that, on account of the adverse ruling of the court on the pleading, the plaintiff declines to plead further, judgment is rendered for defendant, and he was ordered to go hence, and have and recover his costs against the plaintiff, for the recovery of which let execution issue. All of the Justices have agreed that this was the final judgment in the cause, from which the appeal was duly taken. It presents for review the rulings on demurrer to the several counts of the complaint, and we will consider the same, since

it was "to suffer a nonsuit" and an appeal upon the record as is provided by statute. Section 6431, Code; Berlin, etc., v. Ewart, 184 Ala. 272, 63 So. 567; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Paterson & Edey Co. v. Bank of Mobile, 203 Ala. 536, 84 So. 721, 10 A. L. R. 1037, and authorities; Cox v. Alabama Water Co., 216 Ala. 35, 112 So. 352, 53 A. L. R. 1336; Edgeworth v. Brue 22 Ala. App. 303, 115 So. 145.

It is the generally accepted rule that, when real property is leased, "it is taken as it stands," under the doctrine similar to that of caveat emptor, without special covenant by the owner or his authorized agent, to the making of repairs or improvements ("the lessee's eyes are his bargain," Adler v. Miller [Ala. Sup.] 120 So. 153[1]; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917F, 997; Moore v. Weber, 71 Pa. 429, 10 Am. Rep. 708), there being no concealment of known latent defects, or maintenance of a nuisance, by the lessor. Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213. The modern decisions generally do not imply covenants which ought to be expressed if so intended by the parties. And of the class of covenants that are not implied is that the lessor will make additions, alterations or repairs of real property that is let, subject to inspection. Sheets v. Selden, 7 Wall. 423, 19 L. Ed. 166, 168; Gill v. Middleton, 105 Mass. 477, 7 Am. Rep. 548; L. R. A. 1918E, 218; L. R. A. 1916D, 1227; 34 L. R. A. (N. S.) 805. This is on the presumption or assumption that the lessee knew the facts or condition of the premises leased, in so far as it was obvious.

It follows, from the reason of the decisions, that the extent or authority of lessor's agent to lease the premises cannot be presumed to imply authority to that agent to represent that of which the lessee had or was charged with knowledge. Pertinent authorities are: Moore v. Barber Asphalt Paving Co., 118 Ala. 563, 23 So. 798, holding that there is no implied warranty when articles are sold upon personal inspection; in such case "there is no standard but *identity* and no warranty implied" other than that of the delivery of the identical article sold. Morgan v. Sheppard, 156 Ala. 403, 408, 47 So. 147, is to the effect that, in the absence of an agreement by the landlord to repair, a tenant may not recover the reasonable cost of necessary defects or repairs made by him, or for damages received on the leased premises on which he has "created no nuisance," nor latent defects. These cases have been followed in Hart v. Coleman, 192 Ala. 447, 68 So. 315, and in Bains v. Dank, 199 Ala. 252, 74 So. 341, where the landlord undertook to make repairs may be held liable for injuries resulting from the negligent manner of the work. Hallock v. Smith, 207 Ala. 567, 93 So. 588; Id., 210 Ala.

529, 98 So. 781; Spangler v. Hobson, 212 Ala. 105, 101 So. 828; Abbott v. Ala. Power Co., 214 Ala. 281, 107 So. 811.

In Charlie's Transfer Co. v. Malone, 159 Ala. 325, 333, 48 So. 705, is declared that, when there is a *concealed defect* (known to *lessor*) attended with damage to tenant, and which a careful examination by tenant or proposed lessee would not discover, the lessor is bound to reveal that defect or condition, in order that the lessee may guard against the same.

In Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917F, 997, the alleged defect was a "dry closet" that defendant had constructed and maintained for the time alleged, for three or four months cared for the closet during plaintiff's tenancy, then failed or refused to do so, and it became offensive, causing plaintiff to become sick. The sustaining of the demurrer to the complaint caused a nonsuit. The ruling on demurrer (rested on general rule) was affirmed, and it was held that the voluntary action or repairs of the landlord did not show any agreement by him to make repairs (1 Tiff. p. 580), and that the custom alleged as the course of such matter for a time had not the effect to impose any obligation upon defendant to the end of maintenance.

In Anderson v. Robinson, 182 Ala. 615, 620, 62 So. 512, 513 (47 L. R. A. [N. S.] 330, Ann. Cas. 1915D, 829), by the present Chief Justice, the decision in Morgan v. Sheppard, 156 Ala. 403, 47 So. 147, decided by the same writer, was reviewed, and it is declared as settled by the weight of authority:

"That the landlord is not liable in tort for injuries to said class [tenant, family, servant or guest], whether there be a covenant to repair or not, unless the defects existed at the time of the letting, were known to him, and which he concealed from the tenant."

And in Hafer v. Cole, 176 Ala. 242, 57 So. 757, is the declaration that an implied warranty gives no right of action for a breach, when "the defect complained of was present and visible to the senses, or open to ordinary observation;" but the rule has no application on a false representation by the vendor with respect thereto, upon which he has a right to rely, and did rely to his prejudice as affecting the right of rescission. Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Greil Bros. v. McLain, 197 Ala. 136, 72 So. 410. The cases last cited are for deceit or fraud in the sale of personal property. The Anderson and Morgan Cases, supra, grew out of leases of real property and touched the right of recovery for reasonable repairs or injuries from the failure to make repairs. The reason for the different rules as to *implied* authority of an agent is apparent on consideration of the two classes of cases.

We will illustrate by the cases as to the sale of personal chattels. The decisions

---

[4] Ante, p. 674.

touching *implied* and ostensible authority of an agent for the sale of personal property to warrant, are collected in L. R. A. 1916C, 413 et seq. The majority view, and that of this court, is to the effect that an agent to sell *personal property* "has the power to warrant the article, if it be one that is usually sold *with a warranty,* and to bind his principal by such warranties as are customary or usual in the sale of such property." Skinner v. Gunn, 9 Port. 305, held there was implied warranty of soundness of slaves; Bradford v. Bush, 10 Ala. 386, declared for implied authority to warrant age and soundness of animal sold; to the same effect is Herring v. Skaggs, 62 Ala. 186, 34 Am. Rep. 4. General authority to warrant to the extent or as the purchaser may exact may not *be implied* from the fact alone that the agent is a general agent. The rule stated by Judge Stone is:

"The agent has power to bind his principal in the sale of a chattel usually sold with a warranty, in the absence of instructions to the contrary, brought to the attention of the purchasers." Herring v. Skaggs, 62 Ala. 180, 184, 185, 34 Am. Rep. 4.

There are other cases cited illustrating the general rule and exceptions thereto as to implied authority to bind. In Troy Groc. Co. v. Potter & Wrightington, 139 Ala. 359, 36 So. 12, the action was assumpsit for the price of goods sold; held that there was ordinarily an implied warranty on the sale of chattels by manufacturer when the purchase was for a special and disclosed purpose, and that the vendor was bound without express stipulation, that the articles sold were reasonably serviceable for the declared use and purpose. Kennebrew v. Southern, etc., Co., 106 Ala. 377, 17 So. 545; Snow v. Schomacker, 69 Ala. 111, 44 Am. Rep. 509; sections 9535-39 Code.

Another class of cases of implied warranties is where the buyer orders machinery or goods to be supplied by the vendor, and purchaser trusts to the latter's superior opportunity, experience, and judgment to procure and select that which is fit and suitable for the known and intended purpose of the vendee; in such case the seller is bound by the agreements of his agent. Philips & B. Mfg. Co. v. Wild Bros., 144 Ala. 545, 39 So. 359; Merchants' Bank v. Sherman, 215 Ala. 371, 110 So. 805. The case of Ala. Machinery & Supply Co. v. Caffey, 213 Ala. 261, 104 So. 509, rested on the sale of machinery located at a distance, and there was representation by the agent of the condition and extent of development of power production; held within the implied authority of the selling agent to so represent or warrant, in the absence of knowledge by purchasers of agent's limited authority.

The Caffey Case is typical as an exception to the general rule (Baker v. Clark, 14 Ala. App. 152, 68 So. 593; Caffey v. Ala. Mach. &

Sup. Co., 19 Ala. App. 189, 96 So. 454; Id., 209 Ala. 466, 96 So. 459, and Id., 213 Ala. 260, 104 So. 509), where the selling agent has implied power or authority to warrant or represent the condition and capacity of machinery. It was of a sale by the defendant to the plaintiff of certain machinery designed and stated for use by plaintiff in the manufacture of syrup. That purchaser was ignorant with regard to such machinery and its capacity to do the required work, and applied to the defendant to purchase this machinery, informed the latter or its agent of his ignorance and reliance on defendant's agent to furnish such machinery of the capacity and condition to perform the service required, and informed defendant of the condition of his crop to be manufactured into syrup, the probable extent thereof, and the time and duration in which it must be ground to prevent deterioration. Defendant, through its selling agent, representing itself to have a knowledge of these things, of the character and capacity of the machinery required, agreed with the plaintiff to furnish the necessary machinery, and, as a result of the negotiation, entered into a written contract to the end of its sale of its machinery; held the representations of the agent within his implied authority, etc. The case was first reversed when the counts were in assumpsit. Thereafter plaintiff amended, by striking all counts in assumpsit and relief upon an action ex delicto for deceit; and the recovery was sustained. Ala. Mach. & Sup. Co. v. Caffey, 213 Ala. 260, 104 So. 509; McCoy v. Prince, 11 Ala. App. 388, 391, 66 So. 950.

The rule of nonliability of landlord, by way of implied authority of the agent to represent the real property and building other than it is, should not be confused with the implication of authority to warrant, within the rule, when the sale is that of personal chattels usually accompanied with warranty. The rule as to the renting of real property and the lack of implied authority or obligation to bind the landlord to repair and subject him to damages for the failure thereof, is well stated by the Chief Justice in Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829. And an implied warranty gives no right of action when the defect is present and visible to the senses, or open to ordinary observation. Hafer v. Cole, 176 Ala. 242, 247, 57 So. 757.

In the case for decision, the absence of an elevator was obvious and discoverable on casual inspection of the premises by plaintiff's agents acting for it. In the absence of an elevator, the installation of such part of the building would have been in the nature of substantial improvements and additions to said real property, and the agent of lessor had not the implied authority to bind the

principal by representations, as to an elevator which were at variance with the obvious fact and condition of the building let. Such obvious fact, being disclosed to the lessee by casual inspection, showed the matter within the general rule of nonliability, in the absence of specific contract by the landlord. It was not within one of the recognized exceptions to the rule, as that of a special covenant, or a latent defect, or nuisance concealed, created, or permitted by the landlord. Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Hafer v. Cole, 176 Ala. 242, 57 So. 757; Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829.

In the several counts for deceit the plaintiff sought to "form a contract" and seek recovery for damages under our several statutes for fraud and deceit. §§ 5677, 7353, 7354, 8049, Code.

Count 4 was indefinite. There was the lack of averment of the name of respective agents through whom both parties acted, and it was not averred that the names of said agents were. not known to plaintiff. Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. Demurrer having been sustained to the count, there was no amendment offered by plaintiff. The complaint was, however, later sought to be amended by the addition of a new and separate count ex delicto for deceit. It was materially different from its predecessor. It eliminated the objection pointed out by former demurrer, by alleging the names of the respective agents of the parties, and changed the representation of fact contained in the former count, that there was no "elevator in *operating condition*" to representation that there was "no elevator in said building at the time the lease was executed." As we have observed, the fact of an elevator or not, as a component or material part of the leased premises and the mode of egress and ingress to several of its floors, was open, visible, and obvious to lessee or its agents, and was not subject to implications of authority or right of warranty by lessor's agent.

If lessee was deceived by the misrepresentation of obvious fact by lessor's agent, the right of an election was presented (1) to rescind the contract; or (2) to maintain his suit for the fraud or actionable misrepresentation. Having proceeded ex delicto (rather than in assumpsit), he. must bring his action for deceit within the requirements of that pleading. It is not averred that defendant had a knowledge of the nature and extent of the alleged representation of said agent as to the obvious physical condition of the building, and that it contained an elevator; it is not averred that said representation was expressly authorized by plaintiff, or that the latter did any act, gave any word of assent or ratification of the act or representation of the agent, or that defendant landlord fraudulently or recklessly made or authorized such representation to be made to plaintiff. This much would have been necessary for plaintiff to have *proceeded in assumpsit for a breach of the contract.* Wilkinson v. Moseley, 18 Ala. 288.

The count for deceit does not present a case within "fraudulent deceit," as later defined by statute (sections 7353, 7354, Code), in the failure to aver such guilty misrepresentation, knowledge, or suppression of fact, or promise not intended when made to be kept or performed. In Ala. Mach. & Sup. Co. v. Caffey, 213 Ala. 260, 104 So. 509, it was indicated that the field of operation of section 8049, Code, pertained to "fraudulent representations of the seller," and those having to do with deceit were sections 5677, 7353, 7354, Code. In Cartwright v. Braly (Ala. Sup.) 117 So. 477, 480,[1] where the deceit induced subscription for bank stock, the observation is made, of the two statutes, that under section 8049 of the Code, the misrepresentation of the seller must be of material fact, *made to be relied upon* as an inducement, and must be relied upon to the injury of the other party, and that in such case "an intent to deceive is not essential," as was in a suit for deceit. Of necessity, in such case, it must have been a misrepresentation of a material fact, on which representation the purchaser had the right to rely. Mr. Justice Bouldin, further distinguishing the field of operation of the two statutes, says:

"Under section 5677, knowledge or its equivalent with intent to deceive is required, but in such case the scope of liability is extended to cases of concealment. Griel v. Lomax, 89 Ala. 420, 6 So. 741; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. 'Material fact' has a wider meaning under section 5677."

This case does not consider requirements for deceit contained in sections 7353, 7354. And in Edmundson v. Mullen, 215 Ala. 297, 299, 110 So. 391, 393, the same Justice adverts to these statutes in a case of a bill to abate a part of the purchase price of land, and declares:

"Misrepresentations of material fact, though made by mistake and innocently, if acted upon by the opposite party, constitute legal fraud. Code, § 8049. It is not necessary to aver an intent to deceive as in actions of deceit under Code, § 5677."

—and rests that decision upon "common counts in assumpsit."

The cases further cited are not to the contrary. In Byars v. Sanders, 215 Ala. 561, 562, 112 So. 127, the suit was for "damages *for deceit* in the sale of a lot * * * representing to the plaintiff that the said lot * * * had a frontage of fifty feet," etc., "*which the defendant at the time of the sale knew did not have a frontage of fifty feet,* * * * which was a material fact, operat-

---

[1] Ante, p. 49.

ing as an inducement to the transaction, upon which representation plaintiff relied, and was deceived to plaintiff's damages." Mr. Justice Brown declared, for this court:

That it was "an action for deceit;" that fraud was an element; that "the cases cited and relied on by the appellant—Cox v. Collins, 205 Ala. 491, 88 So. 440, was for breach of contract to convey, and Terry et al. v. Rich, 197 Ala. 486, 73 So. 76, was for breach of warranty, in which the question of fraud was not an element, and the utterances in those cases are not applicable here. * * * To use the language of the authorities, 'he who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages.' Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Harton v. Belcher, 195 Ala. 186, 70 So. 141."

There the complaint was sufficient.

In Munroe v. Pritchett, 16 Ala. 785, 789 (50 Am. Dec. 203), an action for assumpsit, Mr. Justice Chilton quotes the foregoing from Adams v. Jarvis, 4 Bing. 66, and concludes the subject as follows:

"To constitute such misrepresentation a ground of fraud for avoiding the contract, or to entitle the injured party to his action, it must be, as we have said, in regard to a material fact, operating as an inducement to the purchase, and upon which the purchaser had a clear right to rely, and the party complaining must have actually been deceived thereby; and generally, such representation must not be mere matter of opinion, or in respect of facts equally open to the observation of both parties, and concerning which the purchaser, had he exercised ordinary prudence, could have attained correct knowledge. If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volenti non fit injuria.'"

In Harton v. Belcher, 195 Ala. 186, 70 So. 141, the action was upon a promissory note given for part of the purchase price, and it is declared an action in assumpsit by Mr. Justice Sayre:

"Plaintiff's representation, if false as it was alleged to be, was fraudulent by construction of law, and for its injurious consequences he was answerable. King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Shahan v. Brown, 167 Ala. 534, 52 So. 737; Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 So. 1015."

He makes the same quotation from Munroe v. Pritchett, supra, saying that section 2469, Code of 1907 (the same as section 5677, Code of 1923) and sections 4298, 4299, Code of 1907 (same as section 8049, Code of 1923), are merely declaratory of the law as previously laid down in the decisions of this court. The pleadings in the cases cited in the last-named opinion were bills for discovery and relief by a stockholder in a corporation, for rescission of the sale of land, and in an action in assumpsit.

And into conformance to the several preceding cases, in the Code of 1923 were inserted sections 7353, 7354, defining fraudulent deceit. These statutes were not considered—merely cited—in the Caffey Case, supra, a suit for deceit. This last statute, in short, defines fraudulent deceit to be: One who willfully deceives another to induce him to alter his position to his injury or risk is guilty of "fraudulent deceit," and a deceit, within the meaning of section 7354, is either: "(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true," without "reasonable ground for believing it to be true"; (3) suppression of a fact when one "bound to disclose," etc.; (4) a promise, made without any intention of performing it. Likewise, as to this statute, the observation of Mr. Justice Bouldin in Edmondson v. Mullen, 215 Ala. 297, 110 So. 391, to the effect that in deceit it is necessary to aver "an intent to deceive," and that "knowledge or its equivalent with intent to deceive" is required (Cartwright v. Braly, ante p. 49, 117 So. 477, 480) holds true as to sections 7353, 7354, Code.

Such were the averments in the count for deceit upheld by Mr. Justice Brown in Byars v. Sanders, 215 Ala. 561, 112 So. 127, averring as it did that the misrepresentation of front footage was knowingly made by plaintiff as an inducement to the purchase. No such averment is contained in count 5 declaring for deceit.

The matter may be concluded by the two observations: (1) The doctrine of caveat emptor applies to a lessee making a contract as indicated; the lessee is presumed to know the fact and dealt with the other as knowing the character of the building and equipment in so far as was obvious; that authority by the lessor to an agent to lease cannot be presumed to imply authority to warrant, or to represent that which is obvious and that which the lessee had or is chargeable with knowledge. Charlie's Transfer Co. v. Malone, 159 Ala. 325, 332, 48 So. 705; Brown v. Dwight Mfg. Co., 200 Ala. 376, 76 So. 292, L. R. A. 1917F, 997; Morgan v. Sheppard, 156 Ala. 407, 47 So. 147; Hafer v. Cole, 176 Ala. 242, 57 So. 757. The absence of the elevator in a building that had been represented as containing one, or the use thereof is promised, was necessarily obvious, and the agent has not the implied authority to bind the landlord in such action, or by the representation that there was an elevator. (2) In the count for deceit it is necessary to be shown by the allegation of the pleading, that the misrepresentation was intentionally or recklessly made by defendant, or if by the agent he must have express authority to make it; has no implied authority to misrepresent and subject the landlord to an action for deceit. (3) Without allegations that defendant actually authorized the misrepresentation, or

that he knew of the misrepresentation, or knew that it was fraudulently or recklessly made by his agent and acquiesced therein, the plaintiff could only recover of defendant *in assumpsit for a breach of the contract.* The instant count is not *assumpsit,* but *deceit.*

An action of assumpsit is ex contractu and arises from a breach of promise; and action ex delicto, as deceit, arises from and rests upon a breach of duty growing out of the contract. Adler v. Miller (Ala. Sup.) 120 So. 153[1]; Wilkinson v. Moseley, 18 Ala. 288, 290, 291; L. & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874; White v. Levy, 91 Ala. 175, 177, 8 So. 563; L. & N. R. R. Co. v. Hine, 121 Ala. 234, 25 So. 857.

I am of opinion that the case of Cartwright v. Braly, supra, went too far and did not properly apply or interpret the statutes for deceit, and should be modified or overruled. I am in disagreement with the announcement, for the reasons I have stated, that count 5 was sufficient for deceit.

I agree that demurrers to the counts in assumpsit were properly sustained. It is not possible to indulge the construction that said elevator in the building meant another elevator, or power to propel it, not then installed as part of the building. If, as appellant claims, there is no elevator without its propelling power, what should be said of the allegation of the count that Gulf Electric Company "has the privilege of the use of said elevator in said building," under the insistence that there was a breach of contract, in that "said elevator * * * had no motor or other motive power." The insistence of appellant as to the assumpsit counts is not well founded, under the clause of the lease set out. There is averred no duty or obligation on lessor's part to furnish motive power for the elevator.

Counts 2 and 3 are substantially the same. It should be said, as to count 2, that it is the same as count 1, with the exception that in the first count the breach alleged is the fact that at the time the lease was executed the elevator had no motive power, while in the second count the breach alleged is that there was no elevator in operating condition. In this there is no material difference. In counts 2 and 3 it is alleged that plaintiff could not use the second and third floors for the purpose indicated, without the use of an elevator; that as an inducement defendant's agent represented that the building contained an elevator in operating condition; that it was a representation by defendant's agent within the line and scope of his agency; that the building contained an elevator in operating condition, and but for said covenant or representation plaintiff would not have leased the premises. This is not sufficient to declare the authority of the agent to contract and impose upon the landlord the contract duty to furnish or install an elevator, equipped for operation with the motor power for its propulsion.

I am of opinion that the demurrers to counts 1, 2, and 3 were properly sustained.